## Hetty Powell v. Alonzo Conant and others; and Alonzo Conant and another v. Hetty Powell and another.

*Mortgagor: Warranty deed: Outstanding title: Estoppel: Fraud: Collusion.* Whether or not a mortgagor holding by warranty deed, and not ousted or disturbed, ought, in any case, for the purpose of preventing collusion, to be held estopped from setting up an outstanding title by way of defense, this rule will not apply in this case, where no fraud is shown and the equities depend on other considerations.

*Mortgages: Deposits in escrow: Unauthorized delivery.* Where a purchase price mortgage has been executed and deposited in escrow to await completion of title in the mortgagor in fulfillment of a verbal bargain by the mortgagee to sell the land to the mortgagor, and the title to the land in the meantime passes into other hands, the delivery of the mortgage in violation of the arrangement will not operate to make it a valid mortgage, binding upon the mortgagor.

*Mortgages: Consideration: Delivery in escrow: Recall.* The verbal bargain being a mere nullity, the mortgage when executed was without consideration, and the delivery in escrow, being only a conditional deposit, was at all times subject to recall before condition performed.

*Land contracts: Doubtful title: Specific performance.* A vendee in a land contract could not be compelled on a bill for specific performance to accept a doubtful title unless the contract so specifies.

*Agency: Adverse capacity: Unauthorized acts.* One employed in an adverse capacity cannot bind his principal by any thing he may do without authority prejudicial to his principal's interests.

*Mortgages: Want of consideration: Deposit in escrow: Fraudulent delivery.* A mortgage without consideration when executed cannot be made operative by a fraudulent delivery, without the mortgagor's acquiescence, by one with whom it had been deposited in escrow to await the completion of title in the mortgagor, in accordance with an arrangement with the mortgagee.

*Submitted on briefs January 20.    Decided April 5.*

Appeal in Chancery from Lapeer Circuit.

*W. W. Stickney,* for the Powells.

*W. Hemingway,* for the Conants.

CAMPBELL, J:

The bill in the original suit was filed by Mrs. Powell to foreclose a purchase money mortgage for seven hundred and

fifty dollars and interest, dated February 1st, 1872, made by Alonzo Conant and Almina J. Conant, his wife.

The suit was defended on the ground that the mortgage was executed before the conveyance from Mrs. Powell, and left in escrow with her agent until title should be made good, and then to be recorded with the deed; that before Mrs. Powell signed or executed the deed, the deed to herself not being on record, her grantor conveyed the lands to a third person, who put his deed on record at once, and thus created a cloud upon the title, and that the Conants, on discovering this, were induced to remain in possession on Mrs. Powell's behalf, and desired to rescind, and attempted to rescind, but she would not accept the rescission.

It is claimed for Mrs. Powell that a mortgagor holding by warranty deed, and not ousted or disturbed, cannot set up an outstanding title by way of defense, but must rely on the covenants.

If this is true, it must be because the party purchasing has seen fit to accept a title, which he was not bound to accept without examination, and has thereby obtained advantages which he cannot equitably refuse to pay for. Usually, perhaps, the cases may justify the enforcement of such a rule, as desirable to prevent collusion. It is not necessary for us to consider how far it should be applied, as the present case is so peculiar as to fall beyond any such rule if it exists.

There is no reason to suspect fraud on either side, and the equities depend on other considerations. It is necessary therefore to consider the situation of the parties.

The complainant, Mrs. Hetty Powell, received a conveyance of the premises in question from one Noah A. Bruce (to whom Conant had formerly sold it), on the 30th of January, 1872. This deed she failed to record until March 11th, 1872.

Two days after the date of this deed, and on the first of February, 1872, Conant and wife made the mortgage in suit, acknowledged it, and delivered it to Joseph Powell, a son of

complainant, to be kept until Mrs. Powell should make title to Conant, and then recorded.

Thomas Powell and his brother Joseph Powell, on the first day of February, professing to act on their mother's behalf, made a verbal bargain to sell the land to Conant, and a deed was drawn up at the same time with the mortgage, but not signed, and both papers were taken by Joseph Powell to be held until Mrs. Powell, who was then out of the state, should execute the deed, and then recorded, as before mentioned. On the 5th of February, Noah Bruce deeded to his father, John O. Bruce, and that deed was at once recorded. No further communication was had with Mr. Conant, until after the deed and mortgage were recorded on the 11th of March. Conant knew nothing of the record or completion of the title until he also learned at the same time of the deed to John O. Bruce. He at once objected, and was induced to continue in possession on an understanding that steps would be taken to cancel Bruce's title by proper legal proceedings, and after considerable delay, he tendered a release and quit-claim, which complainant's agent refused to accept.

It will be observed that Conant never dealt with Mrs. Powell in person, nor with any one competent to bind her under the statute of frauds. The verbal bargain was a mere nullity, and the mortgage when executed was without foundation or consideration, and moreover there was no title in Conant to mortgage. Its delivery, whatever may have been the language of the parties, could not have been a present delivery of a present contract, but a conditional deposit of a paper to be delivered in future in case a contract was made in future. It was at all times subject to recall.

Whether any agreement or understanding was expressed in words or not, there can be no doubt a good title was expected, and on that day a good title could have been made. If the agreement had been in writing, that Mrs. Powell would convey to Conant, and that the latter would give back

a purchase money mortgage, Conant could not have been compelled, on a bill for specific performance, to accept a doubtful title, and no agreement would be enforced which should require such acceptance unless specially bargained for.

When Mrs. Powell made her deed she had no contract rights against Conant, and she had, by her own negligence, allowed her title to become clouded. Nothing but an intelligent acceptance of a clouded title could have bound Conant. He never accepted, nor had he ever authorized Joseph Powell to accept for him any such title. He had never made Joseph his agent under the statute of frauds for any purpose, unless the deposit created an escrow of such a nature as to give Mrs. Powell greater rights than she would have had by an express written contract, which would certainly have bound her to convey a good record title.

Conant never ratified this transaction. He objected at the outset, and all the subsequent course of the parties was understood to be conditional. The deed was recorded without having been accepted, and he cannot be made worse off by Joseph Powell's unauthorized act. The latter, who was really employed in an adverse capacity, would not have been permitted to do any thing prejudicial to Conant and thereby bind him. But it is not in evidence that he knew of the Bruce deed when he recorded the others. If he had, it would have been a fraud on Conant to put his mortgage on record without informing him of the changed condition of the title.

The mortgage, as we are satisfied, never was and never would have been delivered to Mrs. Powell by Conant if he had known how the title stood; and was not his act in any proper equitable or legal sense. It was void as a mortgage at its date, and never received vitality by Conant's intelligent acquiescence.

The case is therefore entirely different from the ordinary case of a mortgage delivered by the party on the acceptance

POWELL *v.* CONANT.

of a conveyance. This mortgage was never operative at all.

The decree must be reversed, with costs of both courts. The original bill must be dismissed, and a decree entered on the cross-bill, requiring the mortgage and securities to be canceled and delivered up, on the release by Conant and wife to Mrs. Powell of their apparent interest in the lands in controversy.

The other Justices concurred.