SAMUEL A. BAILEY v. WILLIAM C. GILLILAND *et al.*
No. 51.

1. MORTGAGE—*Delivery — Acceptance—Lien.*  Where a note and
mortgage are placed in the hands of a third person to be delivered
to the mortgagee upon the payment of the consideration money
therein mentioned, and the mortgagee refuses to accept the same
and advance such sum, no lien is created upon the land mentioned
in said mortgage; and the assignment and delivery thereof by such
third person to a stranger to the transaction without the consent
of the mortgagor, and without any indorsement thereof by the
mortgagee, conveys no title to or vests any interest in said mort-
gage in the assignee.  The mortgage in such case never becomes
operative at all; it is void from the beginning.

2. ———— *Invalidity.*  The delivery and acceptance of a mortgage
are essential to its validity and if not delivered direct to the mort-
gagee or his agent, but to a third person (a stranger to the trans-
action), it is necessary to show subsequent acceptance of it by the
mortgagee before an assignee can obtain a lien upon the mortgaged
premises under such mortgage.

MEMORANDUM.—Error from Dickinson district
court; M. B. NICHOLSON, judge.  Action by Samuel
A. Bailey against William C. Gilliland and others.
From a judgment giving plaintiff partial relief, he
brings the case to this court.  Affirmed.  The opinion
was filed April 3, 1896.

The statement of the case, as made by GILKESON,
P. J., is as follows:

This was an action brought by the plaintiff in error
in the district court of Dickinson county, Kansas, to
recover upon a note and to foreclose a mortgage given
by defendant in error Gilliland on the southwest
quarter of section 34, township 16 south, range 1 east,
in said county of Dickinson.  Some time prior to the
year 1884, the defendant in error Robert June held
this land as a homestead under the act of congress of
1862.  He had not occupied it long enough to acquire

title under the homestead act, but had so far complied with the law as to be entitled to a commutation thereof. During the year 1884, the defendant in error William C. Gilliland was the owner of a certain flock of sheep, upon which there was a mortgage of $1,500. These parties entered into a verbal contract, by which June was to trade the said quarter-section of land to Gilliland, receiving therefor the sheep, subject to the mortgage, and Gilliland was to furnish the requisite amount of money, $408.50, to obtain the title from the government to this land. June was to reside upon and continue in the occupancy of the land until the title was obtained from the government. For the purpose of consummating this trade, Gilliland and June applied to one G. W. Carpenter to assist them, and it was then agreed that Carpenter should negotiate for Gilliland a loan of $1,100 upon this land from the Travelers' Insurance Company. In September, 1884, June appeared before the clerk of the district court of Dickinson county, Kansas, and made the necessary proof for the commutation of said land. This proof remained in the hands of Mr. Davidson, the clerk of said court, until August 22, 1885, when it was forwarded to the United States land office at Salina, Kan. On October 24, 1884, defendant June and wife made, executed and delivered to the said William C. Gilliland a deed with full covenants of warranty for this land, which was placed on record in Dickinson county on the 28th day of August, 1885, and on the 1st day of August, 1885, Gilliland and wife executed a mortgage on said land running to the Travelers' Insurance Company to secure their note of even date for $1,100. This note and mortgage were left with Mr. Carpenter, to be submitted to the Travelers' Insurance Company

for its acceptance and approval, and upon being so submitted, it refused to consummate the loan on account of some defect of title, or rather because the title had not been perfected in the parties. G. W. Carpenter, on August 18, 1885, advanced the required amount of money, viz., $408.50, or rather paid it to Mr. Davidson, in order to have the proof sent in and final receipt issued. On the 22d day of August, 1885, final receipt was issued and sent to Mr. Davidson, and he delivered the same to said Carpenter. On August 28, 1885, the mortgage was placed upon record. The defendant June was in possession of and occupied this land during all of these times, and continued to occupy it with his family up to the time of the trial of this case in the court' below. On the 26th day of July, 1889, G. W. Carpenter attempted to assign this mortgage to the plaintiff in error, by the following indorsement :

"For and in consideration of one ($1) dollar and other valuable consideration, I hereby sell, assign and transfer to S. A. Bailey all my right, title and interest in and to this mortgage and the note secured thereby, this 26th day of July, 1889.

(Signed)    G. W. CARPENTER."

" State of Illinois, County of Cook, ss.

'BE IT REMEMBERED, That on this 30th day of November, 1889, before me, a clerk of the circuit court in and for said county and state, came G. W. Carpenter, to me known to be the same person who executed the foregoing assignment, and duly acknowledged the execution thereof.

"In testimony whereof, I have hereunto subscribed my name and affixed my seal, the day and year above written.    (Signed)    HENRY BEST,
    [ SEAL.]    Clerk Circuit Court, Illinois."

The note secured thereby is neither assigned nor indorsed. The plaintiff in error, on the 6th day of

October, 1890, brought suit to recover upon said note and to foreclose this mortgage. To the petition filed, the defendant June made answer, setting up that he settled upon said land as a government homestead, on or about May 1, 1881, that he has ever since occupied and still continues to occupy the same as a homestead with his family; that at the time of the execution of the note and mortgage described in the petition the title to said real estate was in the United States government, and that since said time said defendant has made his final proof, and received a patent therefor from the United States government, under the homestead laws of the United States; that neither the said William C. Gilliland nor Sallie Gilliland has any title to said real estate, or any part thereof.

The defendants William C. Gilliland and Sallie Gilliland filed their answer, setting forth: (1) A general denial of all the allegations in the petition contained, except such as are in this answer expressly admitted. (2) They admit the execution of the note and mortgage described in plaintiff's petition, but say that it was without any consideration, and that, if said plaintiff has any interest in or title thereto, he acquired such interest therein and title thereto after the maturity of said note; that said note and mortgage were not, neither was either of them, ever delivered to the Travelers' Insurance Company, payee named in said promissory note, and that the said Travelers' Insurance Company did not indorse, sell, assign or deliver to said plaintiff said promissory note and mortgage — said answer being verified.

To the answer of June plaintiff filed a reply, admitting that June settled upon the land as stated in his answer, and that, at the time of the making of said mortgage by defendants William C. Gilliland and

36—2 APP.

wife, June and his wife sold and conveyed the land by their deed, duly acknowledged, to said Gilliland; that he was the owner in fee of said land, and that he and his wife would warrant and defend the title thereto to said William C. Gilliland and wife forever; that at the same time the said Robert June made proof of his compliance with the homestead law of the United States to the proper and legal officer of the government, who received said proof for the purpose of procuring a patent therefor from the United States government in commutation of said homestead right; and that it was a part of the same transaction between the said Robert June and his wife and William C. Gilliland and his wife and the said Travelers' Insurance Company, by and through its agent, T. C. Henry & Co., that the said Travelers' Insurance Company should furnish the money necessary to pay the United States the said sum of $400 for said commutation; that William C. Gilliland and wife then and there fully paid Robert June for said deed and land, and for the improvements thereon, and that said T. C. Henry & Co., for the Travelers' Insurance Company, did furnish said money upon said mortgage in the amount of $400 to pay the United States government for said land, which money was so furnished for procuring title to said land referred to in the answer of Robert June; that the Travelers' Insurance Company transferred its interest therein to the said T. C. Henry & Co., and the said T. C. Henry & Co. transferred the note and mortgage to the plaintiff. And for reply to the answer of Gilliland and wife, the plaintiff filed an unverified general denial.

Trial had, and court found for the plaintiff and against the defendants William C. Gilliland and Sallie Gilliland, upon the note set out in the petition, for the

sum of $408.50, with interest at 12 per cent. per annum from date, to which finding the defendant then and there excepted. The court further found against the plaintiff as to the mortgage lien, to which finding the plaintiff excepted. Both parties filed motions for new trial, and being overruled, the plaintiff brings the case here for review.

*John H. Mahan*, for plaintiff in error.

*Stambaugh & Hurd*, for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J.: Very many assignments of error are set out in the brief of plaintiff in error, only one of which, we think, demands our attention, it being the only one to which the attention of the trial court was called upon the motion for new trial, viz., "That the court erred in refusing the plaintiff a lien on the mortgaged premises." All other errors committed by the trial court were in favor of the plaintiff in error, and of them he cannot be heard to complain. The allegations of the petition are: That on the 1st day of August, 1885, William C. Gilliland and Sallie Gilliland made, executed and delivered to the Travelers' Insurance Company their certain promissory note for the sum of $1,100, and to secure the payment of the same, on said date, made, executed and delivered to said insurance company their mortgage on certain lands; that said mortgage was duly recorded; that before the maturity of said note, the payee, by indorsement and delivery, sold, transferred, assigned and delivered the said note and mortgage to the plaintiff, whereby he became, and now is, the lawful owner and holder thereof. A copy of the note and mortgage are attached to the petition, and upon the mortgage ap-

pears a written assignment thereof by one G. W. Carpenter to the plaintiff. There are no indorsements of any kind upon the note. The defendants William C. Gilland and Sallie Gilliland, under a verified answer, deny each and every allegation and averment in the petition, except such as are in said answer expressly admitted. And they deny, specifically, (1) that the plaintiff has any interest in the note or mortgage, but if he has, it was acquired after the maturity of the note ; (2) that the note and mortgage were never delivered to the Travelers' Insurance Company ; (3) that there was no consideration for the note ; and (4) that the insurance company never indorsed, sold, assigned or delivered said note ; and they admit the making of the note. The plaintiff, for his reply, files a general denial of every allegation contained in said answer inconsistent with the claims in his petition. As to the defense made by defendant Robert June, it need not now be considered.

It is well established that the plaintiff is not entitled to recover upon any other basis or cause of action than that alleged in his petition, nor can a party allege one thing and support it by proof of an entirely different state of facts. The pleadings in this case put in issue the assignment of the note and mortgage, by general and special denial, the interest of the plaintiff therein and ownership thereof, their transfer by indorsement, assignment, delivery or ·otherwise by the payee, and the consideration of the note. These are material allegations which must be supported by proof, to enable the plaintiff to maintain his action. Have they been proven? We think not. On the contrary, we think there is a total failure of proof upon all of them, and some positively disproven. As to the assignment, ''The note and mortgage run to the Travelers' Insur-

ance Company'': Is there any evidence that the insurace company ever transferred them to any one? We have been unable to discover it. In fact, it is positively shown that they refused to have anything to do with it. True, there is an assignment upon the mortgage by one G. W. Carpenter of all his right, title and interest therein to the plaintiff. But what right, title or interest did he have in it? None. Then he certainly did not transfer any. Did the Travelers' Insurance Company transfer it to him? We have failed to find any testimony upon this point. It is conceded that this G. W. Carpenter is the same person that Gilliland applied to for a loan. He was then his agent for a specific purpose. He had no interest or ownership in these instruments; no right or authority to transfer or do any other act concerning them, except that which was strictly within the scope of his agency, viz. : To deliver them to the payee upon receipt of the money, and, when they were refused, then to return them to the mortgagors ; not to hold them as a security for a personal debt existing between him and the makers. But it is claimed by plaintiff in error that this note and mortgage were transferred to him by T. C. Henry & Co., agents of the Travelers' Insurance Company. There is not a scintilla of evidence to sustain any such claim, or that T. C. Henry & Co. ever had any title to this mortgage and note, or that they ever advanced any money thereon or had any right thereunder. The testimony clearly establishes the fact that, if any money was advanced, it was the individual money of said G. W. Carpenter, and he alone, in his individual capacity, assigned (or attempted to) this mortgage. We think it is clearly shown that plaintiff, Bailey, was not the owner, nor had any interest in these instruments.

Bailey v. Gilliland.

As to the delivery, the testimony shows positively that they never were delivered to the mortgagee. On the contrary, they were refused. The only testimony upon this point is that of Mr. Carpenter, viz. :

"I submitted the matter to the Travelers' Insurance Company, and, because of the fact of the title not being perfected in the parties, they refused to consummate the loan. I continued to hold it for security for the advance mentioned."

The mere fact that the Gillilands placed these instruments in the hands of G. W. Carpenter, their agent, for the specific purpose of having them delivered to the Travelers' Insurance Company upon the receipt of the consideration, does not constitute a delivery of them to the insurance company, even if the company had actually had manual possession thereof, without an acceptance on its part, this would not make the note or mortgage valid. But when, on the contrary, it is established beyond contradiction that it did not accept, but repudiated them, the note and mortgage never became valid. Not only a delivery but an acceptance is necessary to give life to them.

A delivery and acceptance of the mortgage are essential to its validity. If not delivered direct to the mortgagee or his agent, but to a third party, not authorized to act for him, it is necessary to show subsequent acceptance of it by the mortgagee. It is not shown that the mortgagee ever received the mortgage or the note ; that it or an authorized agent was present at the time of the execution ; that it afterward consented to it ; that the mortgage was delivered to another person for it ; that it requested the mortgagors to execute it, nor that it ever claimed or accepted any advantage therefrom. It has been repeatedly held that

"A note and mortgage placed in the hands of a

third person, to be delivered to the mortgagee upon the happening of, a certain event, and delivered by him without authority, without waiting for such event, was invalid, and could not be enforced, even by a *bona fide* holder for value. There is in such a case no delivery of the note and mortgage, and they never had any legal existence. A mortgage without consideration, deposited to await the performance of conditions which would make a consideration, cannot be made operative by fraudulent delivery before the performance of the conditions without the mortgagor's consent. The mortgage in such case never became operative at all; it is void from the beginning." (*Powell v. Conant*, 33 Mich. 396; *Andrews v. Thayer*, 30 Wis. 228; *Burson v. Huntington*, 21 Mich. 415; *Goodwin v. Owen*, 55 Ind. 243.)

Does not the case at bar come strictly within the rule last above cited? We think it does, and is much stronger. In this case, the mortgage and note were not delivered to the mortgagee; it is not claiming under them, but they were delivered to a stranger by a stranger. Upon what theory the plaintiff in error can claim to be entitled to a lien upon the land in controversy under the mortgage declared upon, we have been unable to discover.

In passing, we might add that the plaintiff in error, in his brief, complains of the court for not rendering judgment in his favor for a larger sum — viz., for the $200 claimed to be advanced by Carpenter to Gilliland. This complaint is clearly an afterthought, not raised in the court below, nor called to its attention upon motion for new trial, and cannot be raised at this time in this court. The only relief asked for in the motion for new trial was: "That the court vacate its findings refusing the plaintiff a lien upon the real estate."

The judgment must be affirmed.

All the Judges concurring.