[No. 5038.]
[No. 2598 C. A.]

The Mortgage Trust Company of Pennsylvania v. Elliot.

1.  Evidence—Best Evidence—Secondary Evidence—Lost Papers.

Where, in an action on a note, there was evidence of its existence, its loss, and of a diligent search therefor, including a thorough search of the office of the attorney receiving it, and where it presumably should have been found, it was proper to admit secondary evidence of its contents.—P. 240.

2. **Appellate Practice—Laches—Defenses Raised for the First Time on Appeal.**

Where the defense of laches was not presented to nor passed upon by the trial court, it cannot be raised on appeal, as the party against whom such defense is suggested ought to have full and ample opportunity to explain the reasons for such delay as may have occurred.—P. 241.

*Error to the District Court of Saguache County.*
*Hon. Jesse G. Northcutt, Judge.*

Action by The Mortgage Trust Company of Pennsylvania against D. J. Elliot, as administrator of the estate of William B. Clancy, deceased. From a judgment in favor of defendant, plaintiff brings error.                        *Reversed.*

Mr. R. H. Gilmore, for plaintiff in error.

Mr. Charles M. Cortell, for defendant in error.

On May 10, 1889, the plaintiff in error filed in the county court of Costilla county a note for one thousand dollars, dated July 3, A. D. 1888, due July 3, A. D. 1893, together with a deed of trust given to secure the payment of the same, against the estate of William B. Clancy, deceased, which was then in process of administration in said court. On July 29, 1889, a hearing was had and the claim disallowed. Thereupon the claimant perfected an appeal to the district court of Conejos county, which, on motion of the administrator, was dismissed. On appeal to the supreme court the judgment of dismissal was reversed. *Mortgage Trust Co. v. Elliot*, 19 Colo. 394. After the cause was remanded a change of venue was taken to the district court of Saguache county. On June 14, 1900, the cause came on for trial before a jury. It appearing that pending the proceedings as aforesaid the original papers were lost, copies were offered in evidence. A certified copy of the deed of trust was admitted, but a copy of the note

excluded, and, on motion of the administrator, judgment of nonsuit was entered. To this judgment of dismissal this writ of error is prosecuted.

Mr. Justice Goddard delivered the opinion of the court:

1. The only question presented by the record is whether the trial court erred in excluding the copy of the note offered in evidence, and in rendering judgment of nonsuit; in other words, whether the existence and execution of the note, its loss, and sufficient diligence of search were shown to entitle claimant to introduce secondary evidence of its contents.

The proof offered upon these points was in brief as follows: A letter written by W. J. Clark, who negotiated the loan, was, by stipulation of counsel, admitted in evidence. He therein stated, among other things, that he remembered being present when the papers were signed and acknowledged, and that the notes and deed were signed at the same time they were acknowledged, and that "both parties were present. * * * Mrs. Clancy took an equal part with her husband in signing all the papers. * * * As Mrs. Clancy was present I had her sign the deed and notes. * * * The new deed was signed by both Mr. and Mrs. Clancy." In addition to this testimony, a certified copy of the deed of trust signed and acknowledged by Clancy was admitted in evidence, which recited: "Whereas, the said William B. Clancy and Frankie Clancy have executed their joint promissory note," and then proceeded fully to describe the same. The existence and loss of the note were shown by testimony of the witnesses Lipe, Clemes and Gilmore. Without noticing their evidence in detail, it sufficiently appears therefrom that the original was in their possession at a certain

time and that a diligent and unavailing search was made for the same in their respective offices, and Mr. Gilmore testifies that he, as attorney, received the note for the purpose of · this litigation from Mr. Clemes, and that he never returned it to Mr. Clemes or the general office, and that the same was in his possession in 1890 at the time the case was set for trial in the district court of Conejos county. He also testified as to diligent efforts to find the note, including a thorough search of his office, where, under the circumstances, it was presumed to be.

We think all the requirements of the law essential to the admission of secondary evidence were complied with.—*Bruns v. Clase*, 9 Colo. 225; *Brevoort v. Hughes*, 10 Colo. App. 379; *Murray v. Buchanan*, 7 Blackf. 549; *Bouldin v. Massie*, 7 Wheat. 122, 154; 1 Greenleaf on Evid., § 558.

Mr. Greenleaf states the rule as follows: "If the instrument is lost, the party is required to give some evidence that such a paper once existed, though slight evidence is sufficient for this purpose, and that a *bona fide* and diligent search has been unsuccessfully made in the place where it is most likely to be found, if the nature of the case admits such proof."

2. Counsel for defendant in error insists that the judgment should be sustained because of laches on the part of plaintiff in error in prosecuting the action. Suffice it to say that this question was not presented to, nor passed upon by, the court below. The party against whom such defense is suggested ought to have full and ample opportunity to explain the reasons for such delay as may have occurred.— *Hagerman v. Bates*, 24 Colo. 71.

The other points relied upon by counsel for appellee to sustain the judgment of the court are not properly before us for consideration. The court below predicated its action in entering judgment of

nonsuit solely upon the ground that the proof of the execution of the instrument and its loss was insufficient to justify the admission of the copy of the note in evidence. In this we think the court erred. The judgment, therefore, will be reversed and the cause remanded.          ° 

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.