[No. 6303.]

## PRICE v. IMMEL ET AL.

1. **Bill of Exceptions—Requisites—**Unless all of the testimony heard in the court below is presented in the bill of exceptions, the findings of the trial court will be accepted as conclusive.—(165)

2. **Specific Performance—Delays of Purchaser—**Failure of the purchaser of lands to comply with the terms of his contract at the day, because of vendor's failure to tender a marketable title, does not, where time to perfect the title was requested and granted, bar the purchaser's action for specific performance.—(167, 172)

3. **Laches—Must Be Pleaded,** in order that opportunity for explanation of the delay may be afforded.—(169)

4. **Appeals—Objections Not Taken Below—**The plaintiff had replied to defendant's cross-complaint. At the trial he objected to the introduction of evidence thereunder, but not on the ground that mere conclusions of law were presented. He had given evidence as to the same matter in respect of which, upon the appeal he suggested defects in the allegations of the cross-complaint. The court refused to entertain the objection.—(170)

5. **Vendor and Vendee—Contract Construed—**Under an agreement to deliver "a good and valid warranty deed," the purchaser may insist upon a marketable title.—(171)

6. **Cases Overruled, Explained or Distinguished—**Dargin v. Cranson, 12 Col. App. 368, distinguished.—(171)

7. **Decree — Form — Presumption —** That the decree merely finds and declares the allegations of the cross-complaint to be true, and those of the complaint untrue, is not fatal. It is presumed that the court intended to find all the facts essential to the integrity of the decree.—(172)

But the court recommended specific findings of fact.—(172)

8. **Vendor and Vendee—Vendor's Default—Interest on Purchase Money—Taxes—Time Allowed Vendee to Perform—**Where the purchaser has never obtained the possession, and, by the refusal of the vendor to convey, he is compelled to go into equity, the purchase money draws interest only from the date upon when the decree is to be performed by the vendee.—(174, 175)

And the vendee is not to be charged with the taxes which he would have been required to pay if the vendor had complied with his contract, in point of time.—(177, 178)

The decree must allow the purchaser the same length of time for the payment of the purchase money as allowed by the contract.—(175)

The decree should fix a reasonable time within which the contract shall be performed by the respective parties.—(178) .

9.   Specific Performance—Decree Departing From Contract— A clause of the decree which allows payment of the purchase price in full, while the contract provides for only a partial payment, and the residue in installments, at interest, is cured by a subsequent clause allowing the vendor to insist upon terms conformable to those of the contract.—(176, 177)

*Appeal from Kit Carson District Court*—Hon. J. W. SHEAFOR, Judge.

Mr. GEORGE W. TAYLOR, for appellant.

Mr. J. E. ROBINSON, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellant, as plaintiff, brought suit against the appellees, as defendants, to cancel a contract to sell certain real estate which he had entered into with the defendant Immel. The defendant Winegar, as assignee of the contract, filed a cross-complaint, asking for its specific performance. The judgment was in favor of Winegar, from which the plaintiff appeals.

The stenographer's notes taken at the trial were lost; consequently, counsel for plaintiff has not been able to present all the testimony, but contends that from the record proper, the pleadings, the exhibits introduced in evidence, and the decree, errors are apparent which should reverse the judgment. Under the issues made by the pleadings the ultimate question presented, was, did Winegar make a case which entitled him to a decree for a specific performance of the contract which plaintiff sought to have canceled? The court found the issues of fact in favor of this defendant, and it being admitted

that all the testimony is not before us, the findings of the trial court must be accepted as conclusive of the facts in issue between the parties.—*Charles v. Hallack Lumber Co.*, 22 Colo. 283; *Clipper M. Co. v. Eli M. & L. Co.*, 29 Colo. 377; *Behrman v. Stranahan*, 15 Col. App. 454.

But as counsel for plaintiff has urged upon our attention propositions which, he contends, the record presented discloses for our consideration, we will take them up in the order presented by his brief.

In his complaint plaintiff set out the contract which he sought to have canceled. By this contract the plaintiff agreed to sell, and the defendant Immel to purchase, certain described real estate upon terms and within a time prescribed. This contract was assigned by Immel to the defendant Winegar, and on behalf of plaintiff it is urged that delay on the part of Winegar to comply with its provisions, and a refusal to accept the title which plaintiff offered to convey, precludes him from the relief of specific performance; and that if he had any cause of action it was limited to one for damages. In determining these questions, we can only look to the pleadings, for the reason that all the testimony is not before us.

The contract is dated July 20, 1905, and provided that the purchase should be consummated on August 20th following, at which time, on paying the part, and securing the remainder of the purchase price, as agreed upon, the plaintiff should execute a deed conveying the premises agreed to be sold, free from all incumbrances. It further provided that on failure of Immel to comply with its terms it should be forfeited at the election of the plaintiff upon his giving Immel ten days' notice of his intention so to do. The complaint avers that on the 9th of September, 1905, the parties to the contract, by written indorsement thereon, extended it for ten days, in

order to give time for perfecting title. It also states that on the 21st day of September, or two days after the expiration of the extension, Immel having made default in the performance of the contract by failing to pay and secure the purchase price agreed upon, plaintiff gave him written notice that unless within ten days he complied with the contract, it would stand as canceled. The complaint further alleges, that subsequent to this notice, Immel assigned the contract to the defendant Winegar.

By cross-complaint the defendant Winegar alleged, in substance, that plaintiff did not have, at the time of making the contract or at any time thereafter, until shortly prior to the commencement of this action, a clear and marketable title to the premises agreed to be conveyed; that his attention was called to the defects in the title; that he then requested time within which to perfect it, which was granted, as was stated in his complaint. It is then alleged that plaintiff did not, within the time mentioned in his contract, nor within the extension thereof, perfect his title to the premises, or render the same marketable; that prior to the 19th day of September, 1905, Immel notified the plaintiff that he was ready, able and willing to carry out and fulfill the contract upon his part, and to comply with all the terms and conditions thereof, and on that day tendered him the cash payment mentioned in the contract, and offered to execute notes and deed of trust for the remainder of the purchase price in accordance with its provisions as soon as he (the plaintiff) was ready to furnish him with a good or marketable title to the premises which he had agreed to convey, and that plaintiff then and there, and many times thereafter, promised and agreed to perfect his title and to render the same marketable, before the defendants

or either of them should be called upon or expected to carry out the terms and conditions of the contract.

Winegar then alleges that he and Immel, and each of them, at all times since the execution of the contract, have been and still are ready, willing and able to carry out and fulfill its terms and conditions, but that plaintiff refuses and at all times has refused, to furnish a good and marketable title.

By answer to the cross-complaint and amendment thereto the plaintiff put in issue the affirmative allegations thereof, or pleaded facts the purpose of which was to excuse and relieve him from a compliance with the contract in response to the allegations upon which Winegar based his right to its specific performance. It thus appears from the averments of the cross-complaint that the delay on the part of Winegar to consummate the purchase was occasioned by the inability of plaintiff to convey a good title, and that he requested time within which to remedy its defects; that he promised and agreed to do so, and further promised and agreed that Winegar would not be called upon to comply with its provisions until he had perfected his title. True, these averments were in issue, but they were found in favor of Winegar, thus determining a fact conclusive upon us, that plaintiff was the party responsible for the delay in consummating the contract. When the delay in carrying out a contract for the sale and purchase of real estate occurs without fault of the party seeking to enforce it, such delay is no defense to an action for specific performance.—Pomeroy on Specific Performance (2d ed.), § 405; *Md. Construction Co. v. Kuper,* 90 Md. 529; *Keim v. Lindley,* 30 Atl. (N. J.) 1063.

The contention of counsel for plaintiff that Winegar was limited to an action for damages, is based upon the ground that it appears from the

second defense interposed there was a clear breach of the contract shortly after it was executed in that it is averred that at this time plaintiff did not have a good title, and such being the case, Winegar was required to take the title for what it was worth, with deductions from the purchase price, or abandon it, and bring an action for damages. In other words, Winegar had no right in such circumstances to hold plaintiff to his contract indefinitely and deprive him of all opportunity to sell the premises, but should have elected either to take the title which plaintiff was able to convey with such deductions as would compensate for its defects, or else rescind the contract, and have brought suit for damages for its breach. It is not necessary to consider these questions, for they are predicated upon an assumption of facts contrary to what the trial court determined them to be. Winegar alleges, and the trial court found, that plaintiff requested and was given time within which to perfect his title; that he promised and agreed to do so; and would procure and tender a good title before the defendants or either of them should be called upon to accept a conveyance and pay for the premises. Such being the facts as found by the trial court, which we are precluded from investigating or questioning (because all the testimony is not here), plaintiff cannot be heard to say that the defendants or either of them should have taken steps contrary to their mutual agreement.

It is next urged, as we understand the argument of counsel for plaintiff, that the defendant Winegar was guilty of such *laches* as to preclude him from a specific performance of the contract. The argument on this proposition appears to be based upon the averments of the cross-complaint. This is equivalent to asserting that the cross-complaint exhibits unnecessary delay on the part of Winegar, and that

for this reason he fails to state a case entitling him to a specific performance of the contract. The proper method to raise the question of *laches* is by pleading it, and not by demurrer, for the reason that the party against whom such a defense is suggested should have full and ample opportunity to explain the reasons for such delay as may have occurred.— *French v. Woodruff,* 25 Colo. 339; *Mortgage Trust Co. v. Elliott,* 36 Colo. 238.

Hence, we cannot consider this question from the averments of the cross-complaint. Any alleged unnecessary delay of Winegar to comply with his contract which plaintiff may have relied upon to defeat a specific performance as stated in his answer to the cross-complaint was determined against him by the trial court, and this phase of the question is not open for our consideration when all of the evidence is not before us.

For the purpose of showing plaintiff's title and establishing that it was perfected such a length of time before suit was commenced or the defendants were guilty of such delay in complying with the terms of the agreement to purchase by setting up trifling or vexatious objections to the title that specific performance should have been denied, plaintiff introduced an abstract of title to the premises described in the contract. All the testimony not being before us, we cannot consider the abstract for the purpose of determining these questions.

It is next urged that the cross-complaint does not tender an issue on the subject of title because on this question conclusions of law and not ultimate facts are pleaded. No such question was raised below. An objection made for the first time on review by appeal is not regarded with favor by the appellate court, even though it is one which may be raised at any time.—*Mulock v. Wilson,* 19 Colo. 296. At

the conclusion of the testimony on the part of plaintiff, his counsel objected to the introduction of testimony in support of the cross-complaint. Numerous grounds were assigned in support of this motion, but no objection of the character now interposed—at least, not specifically—was made. On the contrary he had treated the cross-complaint as sufficient to tender an issue on the question of title by introducing testimony on that subject in opening his case, and on the identical point regarding title which it is now said was not sufficiently stated in the cross-complaint, and before any testimony was offered by the defendants; and having thus treated the cross-complaint as sufficient in this respect, he is now precluded from questioning it.—*Nix v. Miller,* 26 Colo. 203.

The contract of sale contained the following provision: "And the said party of the first part (plaintiff) on receiving such payment at the times and in the manner above mentioned, agrees to execute and deliver to the said party of the second part or his assigns a good and valid warranty deed for the conveying and assuring said party of the second part and the title to the above described premises free from all incumbrances." Under this clause it is urged that plaintiff was under no obligation to convey a perfect title, but that the execution and delivery of a warranty deed would satisfy the contract, even though a perfect title was not conveyed, and that the demand of Immel for a good title and his refusal to accept any other deprived him, as well as his assignee, Winegar, of the right to enforce specific performance. The vendee under an executory agreement to purchase real estate has a right to insist upon a marketable title—that is, one without defects of which he can lawfully complain, unless he has expressly agreed to take such title as the vendor may be able to convey.—*Godding v. Decker,* 3 Col.

App. 198; 1 Warvelle on Vendors (2d ed.), § 46; *Scudder v. Watt,* 90 N. Y. Supp. 605; *Murphin v. Scovell,* 41 Minn. 262; *Swan v. Drury,* 22 Pick. 485; *Powell v. Conant,* 33 Mich. 396.

Under the clause in question the vendee did not agree to accept anything less than a good title; consequently, it must be implied that plaintiff agreed to convey that character of title.

*Dargin v. Cranson,* 12 Col. App. 368, cited by counsel for plaintiff, is readily distinguishable from the case at bar. In that case the subject of sale was an interest in a mining claim, which had not been patented, and it was held that by virtue of the contract relating to the sale, the vendor only agreed to convey his possessory title. The other cases cited by counsel for plaintiff are also clearly distinguishable from the one under consideration. They relate to the form of deeds, or when a covenant of warranty is limited to the title of the grantor, or where the vendor only stipulated to convey his right, title and interest in premises which he had contracted to sell.

It is next urged on behalf of plaintiff that as the contract provided he could cancel it, and that as he did elect to cancel it in conformity with its provisions, and the defendant Winegar had failed to act in response to the notice of cancellation within the time he should have acted, that, therefore, he has lost all right to claim a specific performance of the contract. On account of the absence of all the testimony, this question is eliminated. The cross-complaint alleged, and the court determined as a fact, that plaintiff, after the service of the notice upon which he relies, repeatedly requested time to complete his title, and promised to carry out the contract as soon as he had perfected his title to the premises which he had agreed to convey, and that Winegar accepted and relied upon these promises. From this

finding it necessarily follows, as a conclusion of law, that plaintiff waived any rights acquired by his attempt to cancel the contract. Aside from this, it appears from the findings of the court that the delay on the part of the defendants to consummate the purchase of the premises was occasioned by the inability of plaintiff to convey a good title. A vendor in default for failure to furnish a good title may not take advantage of his own default and terminate the rights of the vendee.

The decree entered by the court recites that all the material allegations in the cross-complaint are true; that all of the material allegations of the complaint controverted by the answer are not true; that at the time of the execution of the contract of sale plaintiff did not have a good or merchantable title to the premises therein described, and did not have such title until some time subsequent to the commencement of this action. This decree is attacked because, instead of making specific findings of fact, it recites that the allegations in the cross-bill are true, and the material allegations in the complaint controverted by the answer are not true. In this respect the decree is not a model. The better and more comprehensive form is to recite the findings of fact, and not refer to the allegations of the pleadings in the way adopted; but this defect does not justify a reversal. In the absence of specific and unambiguous findings of fact to the contrary, appellate courts must assume that the lower court intended to find those facts which are responsive to the issues made by the pleadings and essential to the judgment rendered.—*Fanny Rawlings M. Co. v. Tribe,* 29 Colo. 302; *Persse v. Gaffney,* 5 Col. App. 374.

And so, from the decree, although informal, we must assume that the court found the facts at issue under the pleadings in favor of the defendant Wine-

gar which were essential to the judgment pronounced, in the absence of anything in the decree from which the contrary could be inferred.

The decree is also attacked upon the ground that relief in the way of specific performance should not be granted after an unreasonable delay; that it created a new contract for the parties; that it contradicts the allegations of the cross-complaint; and that the contract upon which it is based fails to show a covenant upon the part of plaintiff to convey a marketable title. From the questions already disposed of, all these propositions are eliminated, except those urged to the effect that the decree created a new contract for the parties, and contradicts the allegations of the cross-complaint. The decree provides, in substance, that within thirty days from the date of its rendition Winegar should pay into the registry of the court, for the use and benefit of plaintiff, the sum of $775.00, the balance of the purchase price of the premises described in the contract; that within that period and upon payment of the above mentioned sum into the registry of the court plaintiff should make, execute, acknowledge and deliver to the clerk of the court, for the use of Winegar, a good and sufficient deed of conveyance, conveying to him the premises described in the contract; that such conveyance should be a warranty deed in the form usually employed in this state, and should convey such premises free and clear of incumbrances and taxes. The decree then provides that if plaintiff shall so elect and signify such election by serving a notice on the defendant Winegar and filing it with the clerk within fifteen days from the date of the rendition of the decree, the defendant shall, instead of the payment above provided, and within the time above mentioned, pay to the clerk for the use of plaintiff the sum of $241.67, and make, execute and

deliver to the clerk his two promissory notes bearing even date with the decree, the first for the sum of $266.67 due on or before one year after date, and the second for like sum, due on or before two years after date, each note to draw interest at the rate of six per cent. from date until paid, and each to contain a provision that it is subject to a discount of six per cent. if paid before maturity, and that defendant shall also make, execute, acknowledge and deliver to the clerk a deed of trust to secure the payment of these notes, all of which shall be delivered by the clerk to the plaintiff, upon his complying with the provisions of the decree relative to a conveyance of the premises to the defendant.

Except in so far as it provides for the payment of the whole of the purchase price, the decree is in strict conformity with the terms and conditions of the contract which it decreed should be enforced. The purchase price was $800.00. Twenty-five dollars was paid at the time of its execution, which would leave a balance of $775.00. The contract further provided for notes secured by deed of trust on the premises for the respective amounts provided in the alternative in the decree, if plaintiff elected to take such notes instead of the cash, such notes to run for the length of time provided in the decree, and to be subject to a discount of six per cent. if paid before maturity. But counsel for plaintiff contends that he should have been awarded interest at the rate of six per cent., either on the cash payment or on the notes provided, from the date the cash was to be paid, and the notes executed as provided in the contract. It does not appear that the defendants or either of them were ever in the possession of the premises which the plaintiff agreed to convey. On the contrary we think it is fair to assume from the pleadings of the plaintiff, and also from the statements of his counsel in

his brief, that he had at all times been in possession of the premises, or at least, that defendants have never been in possession. It also appears from the findings of the court and the decree that the failure of the defendant Winegar to pay for the premises in accordance with the terms of the contract at an earlier date was caused by the fault of the plaintiff. In these circumstances the rule is that where a vendor refuses to comply with his contract to convey and the vendee obtains a decree requiring a specific performance of such contract, that the purchase price draws interest only from the date the provisions of the decree are to be complied with by the vendee, and not from the date when the contract should have been performed, or from the date when, according to the contract, the payments were to be made or secured. It would be obviously unjust to allow the vendor interest on deferred payments of the purchase price when the failure to perform the contract on the part of the vendee was caused by the fault of the vendor, and when he had remained in possession of the premises down to the time of the rendition of a decree requiring a specific performance of his contract, or where the vendee has never been in possession.—*King v. Ruckman,* 24 N. J. Eq. 556.

It is also the law that where the postponement of the execution of a contract for the sale of real estate has been occasioned by the misconduct of the vendor, the purchaser shall have the same length of time in a decree for the specific performance of such contract for the payment of the purchase money that the contract of sale provides.—*King v. Ruckman, supra.* This identical question was under discussion in the case above cited, which was an action for the specific performance of a contract to sell real estate. The decree provided that on the execution of a conveyance by the vendor a mortgage should be executed

by the vendee giving the latter the same time and modes of payment which he would have had if the transaction had been closed in accordance with the compact between the parties.   In discussing the decree, the court said:

"This part of the order is put in dispute by the defendant on the ground that this works an alteration of the contract, and that all that the court can rightfully do on a bill of this character is to order the agreement, such as it was, to be specifically performed.   But this objection certainly is not tenable. The contract on this point cannot now be carried into effect.   The stipulated time for the giving of the title on the one side and the mortgage on the other has gone by, and is irretrievable.   From the necessity of the case there must be something substituted in this respect for what the parties agreed.   It is impracticable to execute the contract in this particular except upon the doctrine of *cy pres*.   The decree in this feature of it, goes upon the theory that the stipulation for time for the payment of the residuum of the price after the acquisition of the title by the purchaser was a substantial part of the agreement, and it seems to me that this is well founded in the merits of the case.   After a vendee gets title and the possession he is then in a position to turn the land to account in the way of raising money.   He can, either in whole or in part, sell or mortgage it.   The complainant in this case was, by force of his agreement, entitled to this advantage, and I, therefore, entirely assent to the view of the Vice Chancellor, that he ought not to be deprived of it by the misconduct of the other party."

If an objection could be successfully interposed to the decree for the reason that it provided for the payment of the whole of the purchase price in cash (no such provision being in the contract), it is cured

by the provision which gives the plaintiff the right to elect to take part cash and notes for the remainder, in conformity with the terms of his contract. The decree recites in substance that at the time of the execution of the contract the plaintiff did not have a good or merchantable title to the premises, and did not have such title at any time thereafter until some time subsequent to the commencement of this action, and the contention of counsel, that this finding contradicts the averments of the cross-complaint appears to be ·based upon the averments of the latter, to the effect that plaintiff shortly prior to the commencement of his action had perfected his title. This averment was for the purpose of showing that defendant had not been guilty of unnecessary delay in complying with the contract. The theory of plaintiff, as argued by his counsel, and as exhibited by his reply and answer to the cross-complaint, was, that defendant had been guilty of *laches* because the title to the premises had been made good long prior to the commencement of this action; and while the finding of the court on the question of when the title was made good does not correspond as to date with the pleadings of either of the parties, it does find on this issue that plaintiff's title was not perfected until after suit was instituted, thereby resolving the facts necessary to determine and bearing on the question of *laches* in favor of the defendant Winegar. This is not a contradiction, or, as counsel for plaintiff seem to regard it, a finding of fact repugnant to the pleadings, of either of the parties.

The decree is also assailed upon two other grounds: (1) Winegar is relieved from paying taxes which he would have been required to pay had the purchase been consummated within the time prescribed by the contract; and (2) that Winegar was allowed thirty days within which to comply with the

decree. What we have determined with respect to the, payment of interest is applicable in the circumstances of this case to the question of the payment of taxes. In an action for specific performance of a contract for the sale and purchase of real property, it is .the practice for the decree to fix a reasonable time within which the contract shall be performed by the respective parties.—*London & N. W. American Mortgage Co. v. McMillan,* 80 N. W. (Minn.) 843.

From the record before us it appears that. the judgment of the district court is correct, and it will, therefore, stand affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and MR. JUSTICE WHITE concur.