# No. 16,543.

LINCH *v.* GAME AND FISH COMMISSION OF COLORADO.

(234 P. [2d] 611)

Decided July 16, 1951.   Rehearing denied August 6, 1951.

Mr. RAYMOND M. SANDHOUSE, Mr. CHARLES H. SAND-
HOUSE, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. ALLEN
MOORE, Deputy, Mr. DUKE W. DUNBAR, Attorney General,
Mr. H. LAWRENCE HINKLEY, Deputy, Mr. FRANK A. WA-
CHOB, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

We will herein refer to the parties as they appeared
in the trial court where plaintiff in error was plaintiff
and defendant in error was defendant.

November 1, 1947, plaintiff and defendant entered into
a written agreement under the terms of which plaintiff
contracted to convey certain lands to defendant and to
deliver to it "good and sufficient assignments" of lessee's
interest in certain state lands held under lease from the
State of Colorado. All of the said real estate was situated
in Logan county, Colorado. The purchase price to be
paid by defendant was $150,000.00. Under the terms of
the contract a final payment of $62,500.00 was due on
March 1, 1949, prior to which time the deed and assign-
ments of lease were to be delivered or placed in escrow
for delivery at the time final payment was made.

The parties stipulated concerning the events of March
1, 1949, as follows: "That on March 1, 1949, the Attorney
General of the State of Colorado, as the attorney for the
said defendant, tendered to Raymond M. Sandhouse,
Esq., as the attorney for Clyde A. Linch and Beulah Fern
Linch, Colorado state warrant No. 58019, in the sum of
sixty-two thousand five hundred dollars ($62,500.00),
payable to Clyde A. Linch, bearing the endorsement on
the back: 'The within warrant is in full and complete
payment of the purchase price of Tamarack Property,
Project 43 L 2 (Contract of purchase dated Nov. 1, 1947).

Delivery of warrant is conditioned upon delivery of deed or deeds and lawful assignment of lease (s) as approved by the Attorney General of the State of Colorado.' said warrant was refused by said Raymond M. Sandhouse, Esq., as being a conditional tender, conditioned upon terms not provided for in the contract and not the payment required by the contract or a tender of the amount required by the contract;"

It further was stipulated, in substance, that plaintiff's attorney tendered to defendant a warranty deed to the lands which plaintiff had contracted to convey in fee simple, together with bill of sale covering all improvements located on the state land held under lease. With reference to the assignments of the lease upon the state lands, it was stipulated that the lease in question was No. 24098-8. This lease was dated September 5, 1946, and the original grantees therein were Saligman, Allais and Widmer. These three lessees, for an expressed consideration of $7,000.00, on July 2, 1947, duly assigned all their interest in said lease to George W. Condon, and this transfer was approved by the State Board of Land Commissioners and was entered of record in the office of said board.

Attorney for plaintiff tendered to defendant the original lease assigned to George W. Condon as aforesaid, together with an assignment from George W. Condon to Clyde A. Linch and Beulah Fern Linch, and an executed assignment by the said Clyde A. Linch and Beaulah Fern Linch, to defendant, which last mentioned instrument was dated February 28, 1949. The assignment from Condon to Linch expressed a consideration of $5,000.00. No consideration is shown in the assignment from Linch to the defendant Game and Fish Commission.

It further was stipulated that the Attorney General, on behalf of defendant, approved the warranty deed and bill of sale above mentioned, as to form of text and description, but rejected the tendered assignments, stating as his grounds therefor that the assignments from Con-

don to Linch and from Linch to the Game and Fish Commission were not approved by the State Board of Land Commissioners, nor was there any record thereof by said board. The stipulation of the parties then proceeds as follows:

"That said Raymond M. Sandhouse, Esq., called attention to the provisions of the state land leases relating to assignment thereof and requested the State Game and Fish Commission to execute such assignments as assignee of said leases so that the said leases could then be submitted to the State Board of Land Commissioners for its approval. The State Game and Fish Commission refused to sign such assignments as assignee; that the said Attorney General withdrew said Colorado state warrant No. 58019, and the said Raymond M. Sandhouse, Esq., withdrew said warranty deed, bill of sale, lease No. 24098-8, and the said assignments (Exs. 5 and 6);"

The form used for assignment of the lease on state lands contained a provision in which the consideration paid for the execution thereof was shown in a blank space provided for insertion of the amount paid. The assignor and assignee were required to sign this statement before the State Board of Land Commissioners would approve it. The assignment from Linch to the defendant, which the attorney for plaintiff asked defendant to execute as grantee, did not recite the amount of consideration paid, and the space provided for the insertion of this amount was left blank. The obvious purpose of this provision in the form of lease assignment was to facilitate the determination of the amount payable to the State Board of Land Commissioners under the provisions of the original lease, which we quote in the following paragraph.

Among other things, it was provided by the terms of the original lease, "That no assignment of this lease or sublease hereof shall be valid unless it shall have been entered upon the records of and approved by the State Board of Land Commissioners. * * * Provided, that

should the lessee sublet, assign or sell the said lease upon all or any portion of the leased premises for a consideration in excess of the rental heerin provided for, the lessor shall receive an amount equal to one-half of the increased rental or other consideration received from the sub-lessee, assignee or purchaser."

On March 7, 1949, plaintiff filed his complaint against defendant in which he alleged that he was the owner of the lands in question and was entitled to the immediate possession thereof; that plaintiff and defendant entered into a sale and purchase agreement covering the lands in question, under the terms of which $62,500.00 was due plaintiff on March 1, 1949, and on that date, when demand for payment of said sum was made, defendant refused to pay; that time was made of the essence of said purchase and sale agreement and that the said agreement contained a provision authorizing retention of all payments made, in the event of default; that defendant's failure to pay amounted to a breach of this provision and "that the plaintiff elects to cancel said agreement and desires to be placed in possession of said premises."

The defendant by answer denied failure on its part to perform any conditions of said contract of purchase; by counterclaim alleged failure to perform on the part of plaintiff; and sought a decree of specific performance of said contract. All material facts were settled by stipulation of the parties. Plaintiff and defendant each moved for summary judgment, contending that under the pleadings, admissions and exhibits before the court, there was no genuine issue as to any material fact, and that judgment should be entered as a matter of law, plaintiff contending that he was entitled to a forfeiture of the payments made and to possession of the property, and defendant asserting that it was entitled to a decree of specific performance.

The trial court in its findings stated, inter alia:

"The substantial difficulty between the parties arose over the alleged insufficiency of the assignments of the

State land lease in that the assignment from George W. Condon to Clyde A. Linch and Beulah Fern Linch (Exhibit 5) and the assignment from Clyde A. Linch and Beulah Fern Linch to the State Game and Fish Department (Exhibit 6) were neither entered upon the records of and approved by the State Board of Land Commissioners, which under the terms of the lease (Exhibit 2) was a condition to the validity of the assignment thereof.

"Counsel for the plaintiff raises the point that the State Game and Fish Commission refused to sign such assignments as assignee, and that the signature of the assignee is a necessary condition required by the State Board of Land Commissioners in its approved form of assignment. The point raised by counsel for the plaintiff is correct, but the Court finds that it was the duty of the plaintiff, primarily, under paragraph 'Third' of the purchase contract, to furnish 'good and sufficient assignments' insofar as it was reasonably within his power so to do. The assignments tendered by plaintiff to defendant certainly could not be considered 'good and sufficient assignments.'

"As to Exhibit 5, while a consideration was shown, the parties had not complied with Section 3 of the conditions of the State land lease in that it *had not been entered upon the records of and approved by the State Board of Land Commissioners;* and, as to Exhibit 6, no consideration was shown in the assignment, and it *had not been entered upon the records of and approved by the State Board of Land Commissioners.* It is true that before the assignment of the lease (Exhibit 6) could be properly presented to the State Board of Land Commissioners, the form required the signature of the State Game and Fish Commission, assignee. Still, the assignee could not be expected or required to sign an assignment as assignee that was blank as to material requirements."

The trial court narrowed the question to an examination of the said state land lease and the tendered assignments to determine the sufficiency of the latter under

the provisions of the former, and held the tendered assignments insufficient.

Concerning the contention of plaintiff, that defendant's tender of $62,500.00 was ineffective and that it amounted to a failure on its part to perform, warranting a forfeiture of $87,500.00 theretofore paid by it and a cancellation of all defendant's interest in the contract, the court said: "The defendant herein on March 1, 1949, had the right to make a tender of the $62,500 conditional upon the performance by the plaintiff of his obligation under the contract. The Court finds that the defendant had the right to make his tender conditioned as made with the exception of conditioning the tender 'upon the approval of the Attorney General of the State of Colorado.' However, the materiality of the condition might be questioned were it necessary, but the Court finds that the defendant was under no obligation to make payment of the $62,500 until the vendor tendered for delivery good and sufficient assignments of the State lease."

The motion of defendant for summary judgment was granted and a decree of specific performance was entered. Plaintiff seeks reversal by writ of error.

Counsel for plaintiff rely for reversal upon arguments which we summarize as follows: The court erred in granting equitable relief upon a motion for summary judgment; that since time was made of essence of the contract, the court erred in holding that the tender of $62,500.00, conditioned upon approval by the Attorney General of deeds and lease assignments, did not authorize the relief sought by plaintiff; and the court erred in holding that plaintiff was in default for failure to tender or deliver valid assignments of the lease of the state lands.

Questions to be Determined.

First: *Does Rule 56 C(c) R.C.P. Colo., authorize a trial court to enter a decree for specific performance of a contract upon motion for a summary judgment over objection that summary judgment can only be granted in an*

*action at law as technically distinguished from an equitable proceeding?*

The question is answered in the affirmative. Rule 56 C(c) provides that summary judgment may be rendered under circumstances where it is apparent that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Counsel for plaintiff argue that the last phrase in the foregoing quotation limits the application of the rule to "law" actions as distinguished from those in which the party is seeking equitable relief. The contention is without merit. The phrase "as a matter of law," as used in the rule, contains no distinction between legal and equitable principles. If there is no question concerning material facts, and the only contention arises over the application of a rule of law, whether "legal" or "equitable" in nature, a summary judgment may be entered.

Second: *Where a contract for the sale and purchase of realty contains an agreement by vendor to deliver good and sufficient assignments of leases upon state lands at a time prior to the date for final payment, and where vendor fails to deliver such assignments, and, on the date when final payment is due, tenders assignments which are defective, can such vendor take advantage of an alleged conditional tender of the final payment by the vendee and claim a forfeiture by reason thereof?*

The answer is "no." A vendor in default for failing to furnish a good title may not terminate the rights of the purchaser. *Price v. Immel,* 48 Colo. 163, 109 Pac. 941. We quote the following from 66 Corpus Juris page 758, section 341: "To entitle the vendor to avoid the contract he himself must not be in default. So, too, he is not entitled to rescind or forfeit the contract for a default of the purchaser unless he is able to perform in accordance with the terms of the contract." The fact that time was made as of essence of the contract does not permit a forfeiture by one who himself is in default. We approve the

language employed by the trial court, as hereinabove quoted from the court findings, to the effect that defendant was under no obligation to make payment or tender thereof until good and sufficient assignments of the lease on state lands were tendered by plaintiff.

██ Third: *Does the fact that the defendant refused to execute the tendered assignment as assignee prevent the default of plaintiff from being fatal to his claim?*

The trial court concluded that the defendant could not be expected to sign, as assignee, an instrument tendered in compliance with the covenant to furnish "good and sufficient assignments" so long as the space which was provided for insertion of the amount of consideration paid remained blank. From ought that appears in this record the filling in of the blank space by stating therein the consideration paid would dispose of any and all argument on this subject.

It is significant that the assignment from Condon to Linch recited a consideration of $5,000.00; and the original lessees set forth a consideration of $7,000.00 at the time of the assignment to Condon. We can see no reason why plaintiff should be reluctant to state the facts concerning the consideration paid to him for assigning the lease to defendant.

Under the contract which plaintiff signed, he agreed to deliver good and sufficient assignments. Those tendered by him were clearly defective. He cannot shift responsibility for the defect to the defendant upon the ground that the latter declined to sign an instrument that was left blank with respect to a material representation of fact.

The judgment is affirmed.

MR. JUSTICE HOLLAND and MR. JUSTICE CLARK did not participate.