## HARRIS *et al. v.* STONE.

Where a lot in a town site, entered in pursuance to an act entitled "an act regulating the disposal of lands purchased in trust for town sites," approved January 22, 1853, is wrongfully conveyed by a county judge, the grantee becomes a trustee for the rightful owner; and in order to compel a conveyance from the trustee, it is not necessary for the owner to tender, or offer to pay to the trustee, the amount paid by him to the county judge for the lot.

*Appeal from the Pottawatamie District Court.*

WEDNESDAY, APRIL 13.

IN CHANCERY. The petitioners allege that they were the actual occupants and owners, of a certain lot in the town of Council Bluffs, and as such were entitled to a deed from the county judge of Pottawatamie county, who had entered the town site of Council Bluffs city, pursuant to an act of Congress, and the laws of this state, for the use of the several owners and occupants; and that respondents knew of their right, but that fraudulently, and with intent to injure and defraud said complainants, and without having any right thereto, wrongfully procured the said county judge to make to him a deed to said lot. The prayer is, that he be declared their trustee, holding the lot for them, and be decreed to convey the same to them. To the bill there was a demurrer, for the reason that it did not aver a tender of the money paid by respondent to the county judge, at the time of procuring the deed. This demurrer was sustained, and complainants not amending, judgment was rendered against them for costs, from which they appeal.

*R. L. Douglass*, for the appellants.

*Clinton & Baldwin*, for the appellee.

WRIGHT, C. J.—The county judge of Pottawatamie county, entered the town site of Council Bluffs, and held

the same in trust for the several use and benefit of the occupants thereof, according to their respective interests. In the execution of the trust, in the disposal of the lands entered, and the proceeds of the sales thereof, he was to be govered by such rules and regulations as were, or might be, prescribed by the general assembly of this state. Act of Congress, of April 6, 1854; 10 Stat. at Large, 273. The general assembly, by an act approved January 22, 1853, (Laws of 1853, 145), made it the duty of the county judge, to execute and deliver to each person, who, as an occupant, might be entitled to the same, a deed in fee simple for his lot or lots, the said occupant paying his due proportion of the purchase money of said land, and the other amounts in said law specified. *Hall* v. *Doran*, 6 Iowa, 433.

In relation to this town site, the county judge is a naked trustee, holding the property for the use and benefit of the occupants purely and exclusively. In case of contest between two persons claiming the same property, he has no judicial power; but it is his duty to withhold the title from either, until their respective rights may be settled and adjudicated by the courts of the country. 4 G. Greene, 376. As between the parties to this action, (taking the bill as true), it was his duty to have turned them over to the judicial tribunals, and to have made no conveyance, until their respective rights were there investigated and determined. Having made the deed, however, the grantee becomes the trustee for the rightful owner or occupant, if it shall turn out that he (the grantee), has not such right. And the question now is, whether, in order to compel the execution of this trust, it was the duty of complainants to tender or offer to pay respondent the amount paid by him to the county judge. We think not.

The general and ordinary rule is, as claimed by respondent, that complainant must aver and prove a tender, of the purchase money, or the amount required of him, before demanding his deed. This rule, however, like most others, has its exceptions; and, in applying it, we must have ref-

erence to its reason and policy. The law requires of no party an unnecessary act; nor is a rule to be adhered to where the reason of the rule ceases. If A. wrongfully obtains possession of the horse of B., replevin will lie, without a previous demand and refusal. If A., having the title to the land of B., wrongfully refuses to convey it, B. need not demand a deed, nor tender any money, that might, in the absence of such refusal, be necessary. So, if instead of refusing in words, A. (or, in this case, the respondent), wrongfully obtains the title, with a knowledge of complainants' right, and with intent to injure and deprive them of their title, the refusal is shown, or results from his acts, and a tender would be a vain and unnecessary thing. That it would have been the duty of complainant to tender the necessary amount to the county judge, before they could compel him to convey, there can be no question. He stood as a trustee, supposed to be ready to discharge his duty as required by law. The respondent is, however, according to the averment of the bill, a wrong doer—one who has, voluntarily, without any request of complainants, but against their will, and without any legal obligation resting upon him in that respect, procured the title, which in equity belongs to complainants; and he is in no position to ask that they shall follow him up and tender the money which he has so wrongfully paid. The very paying of this money, shows that he occupies the position of an adversary, denying their right, notwithstanding any offer by them to pay; and that a tender would be as unavailing as the demand of a deed.

Judgment reversed.