## LEWIS J. BENNETT,

### v.

## WILLIAM W. PHELPS, et al.

Money paid under an agreement whether void by the statute of frauds or not, may be recovered back, if the defendant without the fault of the plaintiff refuses or is unable to perform the contract.

In case of a contract for the sale and conveyance of real estate, a part of the purchase money having been paid, where the defendants afterwards and before action brought conveyed the premises to a third party; in an action for money had and received by the party paying the money, the plaintiff is not required to tender the balance of the purchase money, or make a demand of the defendant for a conveyance, before such action will lie.

Under a verbal agreement for the sale and conveyance of real estate, the vendee entered into possession, paid part of the purchase money, and made improvements; subsequently the vendors conveyed the same premises to a third party without the consent of the first vendee, who brings an action to recover the money paid under the agreement. *Held:* Under such circumstances when it does not distinctly appear from the plaintiff's complaint that the plaintiff had surrendered possession of the premises to the defendant, but the defendants in their answer substantially averred such fact, the defect in the complaint is cured.

Where under a contract for sale of real estate, the value of certain cattle was fixed by the parties at a particular sum, and the cattle were taken by the defendants and delivered by the plaintiff as a payment of that amount on the purchase price of the land, upon a breach of the contract by the defendants the plaintiff is entitled to recover such amount.

This action was brought before a Justice of the Peace in Goodhue County, to recover the sum of $70, part of the purchase price of certain real estate alleged to have been paid by the plaintiff to the defendants. The complaint alleges sub-

stantially, that the parties entered into a verbal contract for the purchase and sale of certain real estate, for which the plaintiff agreed to pay the defendants the sum of $250. That the plaintiff delivered to the defendants a yoke of oxen at the agreed price of $70, in part payment of the purchase price, and went into possession of the premises and made improvements thereon; the balance of the purchase price was to be paid when plaintiff should see fit to do so. That the defendants, while the plaintiff was absent from the premises in the service of the United States, and without the knowledge or consent of plaintiff and against his wishes, sold and conveyed, and delivered possession of the premises to some person unknown. * * * Before the Justice the defendants moved to dismiss the complaint on the following grounds:

1st. That said complaint does not state facts sufficient to constitute a cause of action, which appears upon the face of the complaint.

2d. That it appears on the face of said complaint that the plaintiff claims judgment against these defendants by reason of the pretended breach of a void contract.

3d. That it also appears on the face of said complaint that all the payments by the plaintiff made upon the pretended contract referred to in the complaint, were voluntarily made as earnest money without any fraud or deceit upon the part of the defendants, the plaintiff having a full knowledge of all the facts. That it is not averred that any payment or performance was ever made by the plaintiff in ignorance of his rights, or that there was any recission or breach on the part of the defendants.

4th. That it also appears, as aforesaid, that the plaintiff's claim against the defendants, is founded upon, or pretended to be an alleged breach of a parol contract, which was void by the statute of frauds, and that no breach of contract by de-

fendants is averred. That it does not appear that any demand of performance was ever made.

5th. That it appears on the face of said complaint, that this court has no jurisdiction of the subject matter charged in the said complaint; that the plaintiff has no remedy at law under the complaint. That a court of equity alone would have such jurisdiction, even if a contract and breach were properly pleaded.

The motion was overruled, to which ruling the defendants duly excepted. Issue was joined, and the case tried by the Justice, and judgment rendered against the defendants for $70 and costs. From this judgment defendants appealed to the District Court of Goodhue County upon questions of law alone, and the judgment of the Justice was affirmed, and the defendants appeal to this Court.

PHELPS & TABER, for Appellants.

I. The judgment should be reversed, because the Justice erred in refusing the defendants' motion to dismiss. *Rev. Stat. Minn.*, *Ch.* 49, *page* 457; *Mackubin vs. Clarkson*, 5 *Minn.*, 247; *Fuller vs. Hubbard et al.*, 6 *Cowen* 13; 9 *Cowen* 51; 13 *J. R.* 65; *Moyer vs. Shoemaker*, 5 *Barb.* 319; *Lutweller vs. Linnell*, 12 *Barb.* 512. * * * * * *

II. The complaint does not contain any statement of facts sufficient to constitute a cause of action. *See authorities above cited.*

III. If the plaintiff is entitled to recover in said action, it must be by reason of the breach of the contract alleged in the complaint. He cannot recover thereon, because it appears on the face of the complaint that said contract is absolutely void. *Rev. Stat. Minn.*, *Ch.* 49, *page* 457; 9 *Cowen*, *pages* 50, 51 & 52.

IV.   Payments upon a void contract cannot be recovered in an action for the breach of such contract. An action thereon will not lie at law. *Mackubin vs. Clarkson*, 5 *Minn.* 247; *Rehoboth et al. vs. Hunt*, 1 *Pick.* 228.

V.   The plaintiff first broke the contract; he has not shown readiness on his part to perform, hence ought not to recover. Even if the contract is as plaintiff alleges, he must perform in a *reasonable time*. 6 *Cowen*, 13; 9 *Ib.* 51; 13 *J. R.* 65; *Moyer vs. Shoemaker*, 5 *Barb.* 319; *Lutweller vs. Linnell*, 12 *Barb.* 512.

VI.   If a special contract is ended or the performance thereof prevented by the acts of one of the parties, such party cannot sustain an action against the other party, either upon the contract or for money advanced by him, or part performance of it. He must in any event show affirmatively a failure or inability of the other party to perform and no breach on his own part. 4 *Barb.* 354; 13 *J. R.* 359; 9 *Cowen* 46; 13 *Gray*, (*Mass.*) 3; 6 *Ind.* 63.

VII.   A vendee in a parol contract for the purchase of land, who has made a partial payment and gone into possession of the premises, cannot recover back the money without first demanding its repayment and restoring the possession of the land, nor even then without proof of breach of the contract by the defendant. *Abbott vs. Draper*, 4 *Denio, page* 51; 9 *U. S. Digest, page* 51; 2 *Denio, page* 139; 7 *U. S. Digest, page* 60.

VIII.   The complaint is fatally defective, because it does not set forth the value of the oxen or that they were of any value. The plaintiff cannot recover except upon a *quantum meruit*, if at all, hence must allege and prove value. *See authorities hereinbefore cited*.

IX.   There is a total absence of all evidence as to several of the most material allegations of the complaint.

J. C. McClure for Respondent.

I.  The complaint states facts sufficient to constitute a cause of action.

II.  The complaint shows such part performance of the contract as will take it out of the statute of frauds. *Wentworth vs. Wentworth*, 2 *Minn. R.*, 277; *Story's Eq. Jur.*, Sec. 762, *and cases cited; Phillips vs. Thompson*, 1st *Johns. Ch. R.*, 149.

The question as to whether or not a contract which is void under the statutes can be helped by a part performance, is so well settled that it is perhaps unnecessary to have quoted any authorities.  The question as to what constitutes such a part performance is all that need be inquired into here, and I now remark that if the several acts done by the respective parties to this action do not amount to a part performance, that will take the case out of the statute, then I confess that I am unable to comprehend what would.  The respondent purchases the property in good faith, pays a part of the purchase money down, goes into possession and puts permanent improvements valued at one hundred and fifty dollars, on the premises, and exercises acts of ownership over it to the same extent as if he held the title in fee.  What more could he do ?  What other acts are in the power of a purchaser than those mentioned, that would half as strongly show part performance?  Certainly none.  If, then, there was a part performance of the contract it is valid, and not in any manner affected by the statute.

III.  It was not necessary for respondent to demand of appellants a performance of the contract, as by their conveying the premises they had placed it beyond their power to perform it.  2 *Par. on Con.* (2d *Ed.*) 188; *Ib.* 191; *Dubois vs. Del. Canal Co.*, 4 *Wend.*, 285; *Shaw vs. The Turnpike Co.*, 2 *Penn.* 454; 3 *Ib.* 445.

Bennett v. Phelps et al.

IV. Where a contract that is void, has been executed, or partly executed, and a party obtained an advantage thereby, the law implies a contract on his part for compensation to the other. *Cherry vs. Hemming*, 4 *Ex.* 631; *Mavor vs. Payne*, 3*d Bing.*, 285; *Lockwood vs. Barnes*, 3*d Hill*, 127; *Rake vs. Pope*, 7*th Ala.*, 161; *Campton vs. Martin*, 5*th Rich.*, 14; *Bates vs. Moore*, 2*d Bail.*, 614; *Johnson vs. Watson*, 1*st Geo.* 348; *Blanton vs. Knox*, 3*d Miss.*, 342.

V. No evidence can be considered by the Court upon the examination of this case, as the whole question in this case is whether or not the complaint alleges facts sufficient to constitutue a cause of action.

*By the Court*—McMillan, J. This action was instituted originally before a Justice of the Peace, and is an action for money had and received. The object of the action is to recover the sum of $70, alleged to have been paid by the plaintiff to the defendants on a contract for the sale of certain lands described in the complaint. Judgment was rendered by the justice in favor of the plaintiff, and an appeal was taken by the defendants on questions of law to the district court, where the judgment of the justice was affirmed; from the judgment of the district court the defendants appeal to this court. The case turns upon the sufficiency of the complaint.

The complaint alleges, that on or about December, 1861, the parties entered into a verbal agreement, by the terms of which the defendants, in consideration of three hundred dollars to be paid by the plaintiff as hereinafter stated, agreed to convey to the plaintiff by a good and sufficient warranty deed certain real estate described in the complaint; that as and for the first payment of the purchase money, the plaintiff agreed to deliver to said defendants one yoke or pair of oxen,

at and for the agreed price and sum of seventy dollars, and the remainder of said purchase money was to be paid at such time as "the plaintiff should see fit to do so;" that the plaintiff about the time aforesaid, in pursuance of said contract, and as a part payment of the purchase money of the premises, delivered said yoke or pair of oxen to the defendants, and thereupon the defendants delivered to him the possession of the premises, and the plaintiff went into possession thereof, and put valuable improvements thereon to the value of one hundred and fifty dollars; that afterwards, about May, 1864, the defendants, while the plaintiff was absent from his home in the service of the U. S., as a soldier, and without his knowledge or consent, and against his wishes, and before the expiration of the time for the payment of the balance of the purchase money, sold and conveyed the said premises to some person to the plaintiff unknown; that after his discharge from said service, and after learning of the conveyance of the premises, the plaintiff demanded of the defendants a return of the said first payment on the purchase price of the premises, which was refused, and that although often requested the defendants have not returned or paid the same, &c.

Although the contract set up in the complaint is a verbal one, and void by the statute of frauds, we think the part payment of the purchase money, the entry into possession by the plaintiff under the contract, and the erection of valuable improvements thereon as averred in the complaint, are sufficient to show a partial execution, and to take the same out of the statute; but whether the contract is within the statute or not is unimportant, since the object of this action is not to enforce the specific performance of the contract, but to recover money paid under it.

It is well settled that money paid on an agreement void by the statute of frauds, which the defendant cannot or will not

complete, may be recovered back. *Chitty on Contracts*, 622 *n. 3, and authorities cited.* And generally an action will lie to recover back money paid by one party, in contemplation of some act to be done by the other, which is the sole consideration of the payment, and the thing stipulated to be done is not performed. *Ib.*

The money, having been paid under this contract, whether void by the statute or not, therefore, may be recovered back if the defendants, without the fault of the plaintiff, refuse, or are unable to perform the contract. The complaint distinctly avers that the defendants have conveyed the premises to another person. This allegation for the purposes of this case must be taken as true. The defendants have, therefore, placed it out of their power to perform their contract with the plaintiff. Under such circumstances the plaintiff is not required to tender the balance of the purchase money, or make a demand of them for a conveyance, before this action will lie; *Richards vs. Allen,* 17 *Maine,* 296 ; for the law does not require a useless act.

But it is urged that the failure of the plaintiff to pay the balance of the purchase money was a breach of the contract on his part, and therefore he cannot recover. Even if this were an action to enforce this contract, the position thus taken would not be correct. The time of payment in this instance is manifestly not of the essence of this contract, and before the defendants could set up any rights against the plaintiff for the failure to pay, it would be incumbent on them in the first instance to tender a deed and demand the purchase money. But it is further urged that assuming all the facts stated in the complaint to be true, the plaintiff before he can recover, must offer to surrender up possession of the premises and all his rights under the contract. An answer to this objection is, that although it may not distinctly appear from

the complaint that the plaintiff has *surrendered the possession* to the defendants, yet in their answer the defendants substantially aver that the plaintiff did so surrender the premises to them, thus supplying the defect, if any existed, in the complaint. *Gould's Pl., Ch.* 3, *sec.* 192; 1 *Ch. Pl.,* 671.

It is further urged by the defendants, that in any event the plaintiff could only recover the specific article paid or exchanged, or its value, and the value of the oxen is not alleged, nor is it alleged that they are of any value. We are cited in support of this position to *Dayton et al. vs. Warren,* 10 *Minn.,* 236. The case is not in point.

The deed in that case contains the following recital: "It being expressly understood between the parties hereto that the consideration expressed above, to wit: $8000 is the *estimated* value of certain lots in Lyman Dayton's addition to St. Paul, in exchange for which lots the above described premises * * are hereby conveyed as aforesaid." The consideration of the deed from Warren to Dayton in that case, was an exchange of real property; the property received by Warren was *estimated* at the value of $8000, and that was the consideration expressed in the deed. It was held in that case that it was immaterial what was the estimated value of the property received by Warren, so long as the parties had not covenanted to abide by that estimate, that the actual value was the measure of damages. In this case the value of the cattle was agreed upon by the parties at $70, and they were taken by the defendants and delivered by the plaintiff as payment of that amount.

The presumption *prima facie* at least, from this is, that the oxen were of the value agreed upon by the parties. The plaintiff was therefore entitled to recover this amount upon the breach of the contract by the defendants. A further point made by the defendants is, that there is a total absence

of all evidence as to several of the most material allegations of the complaint. We are not referred to any particular allegations as to which any such defect of evidence exists, and presume the point is not insisted on as it does not appear to have been taken before the justice, nor in the district court.

The appeal being taken on questions of law only, no question of law can be tried or raised in the district court, except those tried or raised in the court below, and to which an exception was taken to the order made thereon by the justice, except objections to the jurisdiction of the court, and that the complaint or answer does not state facts sufficient to constitute a cause of action or defense. *General Stat. p.* 435, *sec.* 107.

The judgment of the district court is affirmed.