FRANK P. DAVIS, as Administrator, etc., of JOHN M. DAVIS, Deceased, Appellant, v. CHARLES H. VAN WYCK, Respondent.

*Tender — it is not necessary where the other party has disabled himself from performing.*

In an action brought by the administrator of one Davis to recover money paid upon a contract, under seal, and damages for the breach thereof, it appeared that one Van Wyck had agreed to convey certain land to Davis; that the administrator of Davis and Van Wyck differed as to the amount due Van Wyck upon the contract, and that the latter refused to take the payment proposed to be made to him by the administrator. .

No formal tender, however, was made.

Subsequently Van Wyck sold the premises.

*Held*, that as neither party was in default, and as Van Wyck had put it out of his power to perform, even if a tender had been made, the tender was excused.

. APPEAL by the plaintiff Frank P. Davis, as administrator of John M. Davis, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of Orange county on the 27th day of October, 1890, upon a dismissal of the complaint after a trial at the Orange County Circuit before the court and a jury; also from an order, entered in said office on the 18th day of June, 1891, denying a motion for a new trial made upon a case and exceptions.

*S. S. Gowdey*, for the appellant.

*W. J. Groo*, for the respondent.

BARNARD, P. J.:

On the 14th of December, 1867, the defendant agreed to convey to John M. Davis certain premises in Sullivan county: The consideration is left quite uncertain, so far as it is expressed in the paper. The agreement signed by Van Wyck, defendant, is stated to be " for the price this day paid for the same, together with the amount due me from the estate of said William Davis, and shall also pay the amount he has this day agreed to pay the estate of Wm. Davis, deceased, by an agreement with the administrators of said estate."

The agreement also recites that defendant had purchased the land to secure his claims against William Davis, deceased, and that he was to be indemnified by the sale to plaintiff's administrator against

an agreement which defendant had made to guarantee an agreement of John M. Davis to the administrator of said William Davis. There was paid $900 to Van Wyck, defendant, by John M. Davis on the 20th of January, 1871. John M. Davis had possession of the land from the date of the agreement, and died in 1873. In 1877 the widow and family of deceased, John M. Davis, left the property. In 1877 the administrator had an interview with the defendant. The parties differed as to the debt due. The administrator said it was thirteen hundred dollars about, and Van Wyck claimed it was over twenty-five hundred dollars. The administrator expressed a willingness to pay the $1,300. Van Wyck refused to take it, and in March, 1883, sold the property to one Case. There was no formal tender on either side, and the agreement continued (*Nelson* v. *Plimpton Fire Ins. Co.*, 55 N. Y., 480); and the question is reduced to this: Whether a sale of the premises, when neither party was in default, waived a specific, strict tender before an action for breach could be commenced?

The sale by Van Wyck put it out of his power to perform, and is of itself a breach. A tender is not necessary where a party puts it out of his power to comply. There was proof tending to show that the claim of Van Wyck was a mortgage only, and, as $900 had been paid on that, there should have been an accounting and a balance arrived at, fixing debt and use and occupation reduced by payment. It was not too late to receive the testimony of the witness Goudy.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.