S. L. AUXIER V. PHILLIPS TAYLOR AND D. J. MARTIN, Appellants.

**Forfeiture of Land Contract:** NOTICE   A contract for the sale of land provided that the vendee should pay the price on March 1, 1895, and that, "if said amount is not punctually paid, according to the foregoing agreement and on the day they severally become due, time being the essence of this contract," the vendor "is to have the right to declare this contract null and void, and all payments made thereunder and all improvements made thereunder forfeited, by giving the second party due notice thereof, and for thirty days prior to declaring the same forfeited." *Held*, that such contract could not be forfeited for failure to pay the price on March 1, 1895, until after thirty days' notice by the vendor to the vendee, that he elected to forfeit it, had been given, and continued failure of the vendee to pay within thirty days.

SAME.   On February 26, 1895, the vendee admitted in a letter to the vendor, that he was having difficulty in raising the money, but gave no intimation of intention to abandon the contract. The vendor, in reply, stated where the deed was; that the vendor could get it by making payment; that he considered the agreement forfeited, and asked if the vendee had any objection to let him know. *Held*, this was not the notice of forfeiture contemplated by the contract.

**Tender:** SPECIFIC PERFORMANCE.   A purchaser under a land contract is not bound to tender the balance of the purchase money before bringing the suit for specific performance, where the vendor has conveyed the land to a third person.

*Appeal from Monroe District Court.*—HON. M. A. ROB-
ERTS, Judge.

TUESDAY, OCTOBER 5, 1897.

THE defendant, Taylor, entered into a written agreement to sell the plaintiff certain land, upon which the latter paid fifty dollars in cash, and was to pay the balance of the purchase price March 1, 1895. This he failed to do, and on the eleventh day of the same month Taylor conveyed the land to Martin. The plaintiff demands specific performance, and the district court so decreed. The defendants appeal.— *Affirmed.*

*T. B. Perry* for appellants.

*W. S. Dungan* and *T. M. Stuart* for appellee.

LADD, J.—Was the contract forfeited by the failure of the plaintiff to make payment on March 1, 1895, the very day named for so doing? It contains these words: "If said amount is not punctually paid, according to the foregoing agreements, and on the day they severally become due, time being the essence of this contract, then the party of the first part is to have the right to declare this agreement null and void, and all payments made thereunder and all improvements made thereunder forfeited, by giving the second party due notice thereof, and for thirty days prior to declaring the same forfeited." It will be observed that forfeiture does not follow as a consequence of non-payment, but only the right of Taylor, the vendor, to declare a forfeiture. In this respect the contract differs radically from that considered in *Land Co. v. Mickel*, 41 Iowa, 402. There, the contract expressly provided that the rights of the

purchaser cease upon the failure to make payment on the strict terms and times limited, and this, without any declaration or act, as absolutely as though it had never been made. Here, the only result of a failure to comply with its terms, is the right accorded the vendor to declare it null and void. Thirty days after this is done, and the vendee notified, the agreement stands forfeited. *Coles v. Shepard* (Minn.) 16 N. W. Rep. 153.

II. Nor can it be said there was any declaration of forfeiture. The plaintiff candidly admitted in his letter of February 26 that he was having difficulty in raising the amount of money required, but gave no intimation of an intention to abandon the agreement. Taylor, in reply, told him where the deed was, that he could get it by making the payment, that he considered the article of agreement forfeited, and asked if he had any objection, to let him know. The fact that he advised him he could have the deed at the bank by payment of the balance of the purchase price clearly indicates that he merely expressed the opinion regarding forfeiture, and did not so elect. If he so intended, however, he disposed of the land within the thirty days allowed by the contract after notice of forfeiture, and placed compliance with his part of the contract beyond his power. Auxier was entitled to this time within which to make payment and take his deed. Martin served notices of ownership, and demanded possession, but these did not recognize the agreement with Taylor, and were not intended as notices of forfeiture. None were ever given. The defendants went on the theory that the agreement was self-forfeiting, and ignored the rights of the plaintiff. It continued in full effect, and will be enforced.

III. No tender was made except in the petition. None was necessary. March 11, 1895, the plaintiff notified Taylor by letter that if the latter would send

a deed to the bank, drawn as directed, he would pay the money due. Taylor made no response, as he had that day conveyed the land to Martin, rendering it impossible for him to make the conveyance as agreed. It would have been entirely useless then to make the tender and demand the deed. The law will not indulge in idle formalities. See *Young v. Daniels*, 2 Iowa, 126; *Laverty v. Hall*, 19 Iowa, 526; *Harris v. Stone*, 8 Iowa, 322. The circumstances of this case particularly call for the intervention of a court of equity. The conditions of the contract are plain, and the defendants are without excuse in attempting to deprive Auxier of the benefits accruing from his purchase. Much is said because he had only a part of the price in ready money, but the evidence shows without dispute that he had arranged for the balance. It was not important to Taylor from whence the money came, nor was it discreditable to Auxier that he was compelled to borrow, by mortgaging the land, to meet his obligations. The decree of the district court makes ample provision in event of an appeal, and is AFFIRMED.