WILLIAM SIGLIN & another *vs.* GEORGE FROST.

Suffolk.　January 10, 1899. — May 17, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Promissory Note — Bond to convey — Mutually dependent Stipulations*
*— Evidence.*

When a promissory note recites that it is given in part payment for land purchased by the maker from the payee, and on the same date that it is given and as a part of the same transaction a bond is given by the payee to the maker reciting the execution of the note as a part payment of the purchase price of the land, and containing the condition that on the payment of the note at maturity the obligor should cause to be made, or should make to the obligee, a good and sufficient title to the land, the bond and note together show that they were intended as mutually dependent stipulations to be performed at the same time; and if, later, but before maturity of the note, the obligor executes a mortgage of the land bargained to be sold and other land with a provision for the release by the mortgagee of land as sold by the mortgagor upon payment of an agreed price, he cannot, after its maturity, maintain an action on the note if it appears that when the action was commenced the mortgagee had not released the land sold to the defendant, and that both the equitable title, and by a foreclosure of the mortgage the legal title, had been purchased by a fourth person; and the result will be the same, although it appears that, after the action was commenced, the purchaser at the foreclosure sale indicated his willingness to convey the land.

CONTRACT, on two promissory notes, each of which was executed October 18, 1890, and was payable two years after date. Writ dated July 1, 1897. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*C. H. Sprague,* for the plaintiff.

*G. A. Blaney & S. Robinson,* for the defendant.

KNOWLTON, J. Each of the notes declared on contains a recital that it is given in part payment for a certain lot of land described in it, purchased on the day of its date by the defendant from the Bluffton Land, Ore, and Furnace Company. By amendment of the writ, this corporation has become sole plaintiff in the case. On the same day as the making of the note, and as a part of the same transaction, a bond was given to the defendant by this corporation, which recited the execution of the note

as a part payment of the purchase price of this land, and was upon the condition that on the payment of the note at maturity the corporation should cause to be made, or should make to the defendant, a good and sufficient title to the real estate with covenants of warranty. Each note bears on its face the evidence that it was given as a part of a contract for a purchase of real estate. The note and the bond together show that they were intended as ·mutually dependent stipulations to be performed at the same time. Under the contract, the defendant would not be entitled to his deed at the maturity of the note unless he was ready to pay the note, and the corporation would not be entitled to payment of its note unless it was ready to deliver to the defendant a deed conveying a good title to the land. Where contracts of this kind have been entered into,.this doctrine has been held by this court in a series of cases. *Fort Payne Coal & Iron Co.* v. *Webster,* 163 Mass. 134, and cases there cited. See also *Garrett* v. *Crosson,* 32 Penn. St. 373 ; *Campbell* v. *Brown,* 6 How. (Miss.) 106 ; *Gorham* v. *Reeves,* 3 Ind. 83.

In the present case, this corporation, about six months after making the sale to the defendant, executed a mortgage covering the same land to secure the sum of $100,000. This mortgage was in full force when the notes became due, and was foreclosed in 1896, nearly five years afterwards. The corporation became insolvent and passed into the hands of a receiver in February, 1895. In December, 1895, the receiver sold the equity of redemption in the land covered by the mortgage, and the persons who bought it afterwards became purchasers at the foreclosure sale. Although there was a provision in the mortgage for the release by the mortgagee of lots sold by the mortgagor upon payment of an agreed price, the mortgagor never obtained any release of the lots in question. Its insolvency occurred long before the commencement of this suit, and then, if not before, it was impossible for it to convey or cause to be conveyed the land sold to the defendant for which the notes were given.

The only difference between this case and *Fort Payne Coal & Iron Co.* v. *Webster, ubi supra,* is that in this case the condition of the bond was to cause to be made or to make a good title, while in the other the agreement was to convey, no reference

being made to the possibility of causing another to convey. Under the circumstances here shown, we do not think that this difference is material.    The use of the alternative " cause to be made " was intended to provide for the possibility of an outstanding interest or encumbrance which might make it necessary to obtain from others some conveyance, without which the title that the corporation could make would be imperfect.    It certainly cannot be held to have given the corporation a right to collect the notes while the land was covered by a mortgage made by it after the sale to the defendant.    That the purchasers at the foreclosure sale are now willing to convey the land, upon payment of the notes, is of no consequence.    The rights of the parties depend upon the facts existing when the defendant was to have received a deed of the land.

*Judgment affirmed.*