King, J.,
delivered the opinion of the court.
Judgment reversed.
Appellee, hereinafter called plaintiff, brought her suit against the defendants upon an executory contract to recover the unpaid portion of the stipulated purchase price of certain real estate. The complaint alleged that a “verbal contract” was entered into, by which plaintiff agreed to sell, and defendants agreed to buy, said real estate for a consideration of $1,450, of which $750 was to be paid in money and $700 by delivery of certain horses, and that upon payment of the consideration, plaintiff agreed to convey said real estate by good and sufficient warranty deed, subject only to a trust deed encumbrance for the sum of $2,200; alleged the execution and delivery by plaintiff to defendants of a good and sufficient ‘warranty deed according to the terms of the contract, and the acceptance and record thereof by defendants; that no part of the purchase price had been paid, with the exception of $203, and prayed judgment for $1,247, with interest.
*376 Defendants filed answer and cross-complaint, admitting the agreement substantially.as alleged in the complaint; admitted the delivery and record of the deed, but alleged that according to the terms of the contract, and the covenants of the deed so delivered, defendants were to receive the said real estate with a clear, unencumbered, merchantable title, except for the trust deed mentioned; that the deed delivered was a warranty deed with full covenants of warranty as to good, sure and indefeasible title; that the defendants received the deed with the understanding that the title should be examined and found to be perfectly clear and marketable before the purchase price should become due and payable; that upon examination it was found that one of deeds of mesne conveyance necessary to make a good title was void; that immeditely upon discovery of this defect in title, defendants notified plaintiff thereof, tendered a reconveyance to plaintiff, demanded a return of the purchase money paid; by cross-complaint offered to make reconveyance and place the plaintiff in statu quo, and asked for a rescission of the contract, return of that portion of the purchase price paid, and damages.
All the material allegations of defendants’ answer and cross-complaint necessary to a determination of this case in their favor are established by the'evidence. On September 3, 1909, a deed with full covenants of warranty as to title, etc., was executed by plaintiff and delivered to defendants. Within a few days thereafter $302 was paid by defendants upon plaintiffs order or checks, and two of the horses were delivered. Upon examination of the abstracts of title, the void deed hereinbefore mentioned was discovered, whereupon defendants promptly notified the plaintiff of the defect in the title, tendered a reconveyance of the title, and demanded a return of the amount paid on the purchase price and redelivery of the horses, and compensation for expenses paid and im curred. Within a short time thereafter, the tender of reconveyance and demand for return of purchase price, with damages, was repeated, and both times refused by plaintiff. The *377 evidence quite clearly shows that both parties agreed upon a rescission of the contract, but could not agree upon the terms; that a number of efforts to effect a settlement, and counter-proposals, were made, without reaching an agreement, whereupon this suit was brought. The court instructed the jury that the deed from plaintiff did not convey a merchantable title as required by the contract, but that if they found and believed from the evidence that when the plaintiff delivered the deed and defendants accepted the same, it was so- delivered and accepted with the intention and understanding of both parties that it was delivered and accepted as a final conclusion of the contract, the plaintiff would be entitled to recover the unpaid portion of the contract price; and further that if the jury should find from the evidence that the defendants, with knowledge of the defect in the title,' accepted the warranty deed, then the defendants were estopped from raising that objection to- the sufficiency of plaintiff’s performance of the contract, and the verdict should be for the plaintiff for the unpaid portion of the purchase price, not to exceed $1,247, with interest, on which ’ instruction the jury returned a verdict for the plaintiff.
Plaintiff’s contention is that, although she sued upon the contract of purchase and sale, and for failure of defendants to- perform the same, said contract was an ex'ecuted contract, and that defendants’ remedy, if any they had, was upon the covenants of warranty in the deed, and not upon a breach of the -contract sued upon. With this contention we do not agree. The contract, when sued upon, was executory. An executed contract is one in which nothing remains to be done by either party. — Fox Kitton, 19 Ill. 519, 532; Farrington v. Tennessee, 95 U. S. 679, 683, 24 L. Ed. 558; Adams v. Reed, 11 Utah 480, 40 Pac. 720, 724; State v. Jersey City, 39 N. J. Law 575; 581, 86 Am. cDee. 240. It is a contract in which all the parties have performed all the obligations which they have originally assumed. — Watkins v. Nugen, 118 Ga. 372, 45 S. W. 262, 263. An executed contract is not properly *378 a contract at all. The term 'is used to signify rights and property which have been acquired by means of contract. The parties are no longer'bound by a contractual tie. — Mettel v. Gales, 12 S. D. 632, 82 N. W. 181. — Vol. 3, Words and Phrases, “Executed Contract.” An executory contract is one in which something remains to be done by one or more of the parties. — Watkins v. Nugen, supra. A defective deed, being only a contract to convey, is an executory contract.— Adams v. Reed, supra.
J.t is true that a deed in the form agreed upon had been executed and delivered, and accepted pending the examination of title, and to that extent only was the contract executed by the plaintiff. At all times she retained possession of the premises conveyed, and collected and appropriated the rentals. The deed did not give good title, nor could it. The purchase price had not been paid by the defendants, and in that respect the contract was not executed by them; in fact, as has been stated, the basis of the complaint is the alleged failure of the defendants to' perform their' part of the executory contract. The plaintiff, having sued on the contract, cannot shift the theory.upon which she proceeded, so as to prevent the defendants from making any legitimate defense to the contract.
In Price v. Immel, 48 Colo. 163, at page 170, 109 Pac. 941, 945, the court said:
“The vendee under an executory agreement to purchase real estate has a right to' insist upon a marketable title — that is, one without defects of which he can lawfully complain, unless he has expressly agreed to' take such title as the vendor may be able to convey.”
We have held that the contract sued on was executory, and there is no pretense of an express agreement to take less than a good marketable title. There was no evidence to go to the jury upon which they could find, or draw a legitimate inference of, an unqualified or unconditional acceptance of the deed as compliance with the contract for a merchantable title.
*379 For the reasons given, the authorities relied upon by plaintiff which hold that upon an executed contract of sale, where the deed has been delivered and accepted, and purchase price paid, the grantee’s remedy thereafter, if any, in case of a defective title, will, in the absence of fraud or mistake, be upon the covenants of the deed, and not upon the contract, are not applicable,. and the defendants had a right to rescind the contract and recover the portion of the purchase price which they had paid, upon tender of reconveyance and offer to', place the plaintiff in statu, quo, which they did within a reasonable time. The only question thereafter to be submitted to the jury was the terms upon which rescission should be made, so as to restore the legal status pi the parties. The trial court found that'the title conveyed by the deed delivered by the plaintiff to the defendants was not a good or merchantable title, to which finding no exception was taken. The jury should have been instructed to render a verdict for the defendants, and judgment should have been rendered, and should now be rendered, for defendants, conditioned upon delivery of deed reconveying the title as tendered, and ordering plaintiff to repay to defendants all sums paid and property delivered on the purchase price. Whether defendants were entitled upon their cross-complaints to recover any additional •amounts as expenses paid or loss sustained is a matter to be determined by the court, or by the jury upon appropriate instructions.
The judgment is reversed and cause remanded for further proceedings in accordance with the views herein expressed.

Reversed and remanded.