No. 9763.

HEATON v. NELSON.

Decided Nov. 8, 1920.    Rehearing denied Jan. 10, 1921.

Action on promissory notes.    Judgment for defendant.

*Affirmed.*

1. REAL PROPERTY—*Conveyance—Title.*  An unqualified agreement to
convey real property imports that a title to which vendee can-
not lawfully complain will be furnished.    A tax title is not
such.

2.       *Agreement to Convey—Rescission—Tender.* · If the vendor can-
not furnish or refuses to furnish a good title when due or in a
reasonable time, the vendee mày rescind, defend a suit for the
unpaid purchase money and recover what has been paid.

A tender of the purchase price by the vendee before rescission,
is not necessary.

3. APPEAL AND ERROR—*Harmless Error.*  A party cannot complain of
an error where the judgment must have been the same if the
error had not occurred.

*Error to the County Court of Pueblo County, Hon. Frank G.*
*Mirick, Judge.*

Mr. M. J. GALLIGAN, for plaintiff in error.

Mr. P. J. DUGAN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS was an action before justice of the peace on three
promissory notes for $50 each, appealed to the county
court of Pueblo county, where defendant had judgment on
the notes and for $100 on a counterclaim.    Plaintiff brings
error.

The plaintiff and defendant had entered into the follow-
ing contract and the notes in suit were those referred to
therein:

"Pueblo, Colorado, January 24, 1917. Received of Henry Nelson the sum of One Hundred Dollars ($100.00), as payment on my house and lots at Turret, Chaffee County, Colorado, to be known as lots 7 and 8 in the said town of Turret. I hereby agree to sell the said property, including all improvements now thereon for the total price of Two Hundred and Fifty Dollars ($250.00), the said One Hundred Dollars ($100.00), which is hereby acknowledged, and three notes due as follows:

Fifty Dollars ($50) due on February 24, 1917.

Fifty Dollars ($50) due on April 24, 1917.

I agree to furnish and deliver Warranty Deed to said property upon payment of the said last note of Fifty Dollars ($50) on April 24, 1917.

Fifty Dollars ($50) due on March 24, 1917. The said Henry Nelson is given permission to take possession of said property from this day and date.

David Heaton."

Heaton had no title when the contract was made nor when the last note matured though some months later and before suit he acquired a tax title and tendered a deed. Nelson never offered or tendered payment of the notes.

An unqualified agreement to convey imports that a title of which vendee cannot lawfully complain will be furnished. *McCutchen v. Klaes*, 26 Colo. App. 374, 378, 143 Pac. 143; *Price v. Immel*, 48 Colo. 163, 109 Pac. 941. A tax title is not such. If the vendor cannot furnish or refuses to furnish a good title when due or in a reasonable time, the vendee may rescind, defend a suit for the unpaid purchase money and recover what has been paid. *Weghorst v. Clark*, 66 Colo. 535, 180 Pac. 742; *Smith v. Lamb*, 26 Ill. 396, 79 Am. Dec. 381; *Siglin v. Frost*, 173 Mass. 284, 53 N. E. 820; *Lowe v. Harwood*, 139 Mass. 133, 29 N. E. 538; *Potter v. Ranlett*, 116 Mich. 454, 74 N. W. 661; *Bennett v. Phelps*, 12 Minn. 326 (Gil. 216); *Auxier v. Taylor*, 102 Iowa 673, 675, 72 N. W. 291; *Davis v. Van Wyck*, 64 Hun, 186, 18 N. Y. Supp. 885. See, also, *Heaton v. Myers*, 4 Colo. 59.

A tender of the purchase price by the vendee before re-

scission was not necessary. *Byers v. D. Cir. R. Co.,* 13 Colo.
552, 22 Pac. 951; *Smith v. Lamb, supra; Bennett v. Phelps,
supra; Auxier v. Taylor, supra.*

The court left to the jury only the question of the identity
of the lots to which the above agreement referred. Since
there was no dispute about it, that question should, with
the others, have been determined by the court and a verdict
directed for the defendant, both as to the notes and for the
$100 payment. The plaintiff in error cannot, however,
complain of this error, because the judgment must have
been the same. The judgment should, therefore, be
affirmed.

MR. JUSTICE TELLER and MR. JUSTICE BAILEY concur.

MR. JUSTICE TELLER and MR. JUSTICE BAILEY sitting for
MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE SCOTT