No. 11,239.

Fern *v.* Crandell.

Decided May 3, 1926. Rehearing denied May 24, 1926.

Action to cancel lease and recover payment made thereon. Judgment for plaintiff.

*Affirmed.*

1.   Appeal and Error—*Findings—Presumption.* On review, there being a general finding for plaintiff, all material matters in dispute will be presumed to have been found in his favor.

2.   Lessor and Lessee—*Defective Title—Remedies.* A lessee, upon discovery of defects in the title of the leased premises, has a right to rescind, or stand on his contract and sue for damages, or insist on the removal of the defects.

3.    *Defective Title—Correction—Remedy.* Where a lessee on discovery of a defect in the title of the leased premises elects to insist that it be removed, the lessor must perfect the title within a reasonable time.

     If such title is not so perfected, lessee, who has not been in possession, may rescind, maintain an action to cancel the lease, and recover the money he has paid.

4.   Judgment—*Lease—Cancellation.* Judgment for recovery of money paid on a lease should also include a decree for cancellation of the lease to clear the record.

5.   Fraud—*Lease—Cancellation—Waiver.* The right to cancel a lease on the ground of fraud is waived by payment of rent with knowledge of the deceit.

6.   Lessor and Lessee—*Defective Title—Rescission.* Failure of a lessee to rescind promptly upon obtaining knowledge of defective title constitutes a waiver of the defect.

7. Vendor and Purchaser—*Defective Title—Correction.* By electing to go on with his contract and demanding correction after notice of failure of title, a purchaser does not thereby elect to take and pay for a nullity or a questionable title and so release the vendor from his obligation to furnish a good title. He is to be regarded as electing to perform and demanding performance on the part of the vendor.

8. Appeal and Error—*Immaterial Questions.* Questions which are not within the pleadings, although argued, will not be considered on review.

9. Statutes—*Foreign—Pleading.* A statute of another state, if essential to the action or defense, must be pleaded.

10. Lessor and Lessee—*Cancellation of Lease—Burden.* One asking to have a lease cancelled on the ground of defective title has the burden of showing the defect.

11. *Defective Title.* A prior unreleased lease or option on the property constitutes a defect in the title.

12. Laws—*Presumption.* In the case under consideration, it is presumed that the law of a foreign state on the question under discussion is the same as the common law of Colorado.

13. Contracts—*Acknowledgment.* By the common law of Colorado an unacknowledged contract is good.

14. Principal and Agent—*Fraud—Waiver.* Unfairness of an agent in making a lease is waived where the lessor elects to enforce the contract with full knowledge of the facts.

*Error to the District Court of Alamosa County, Hon. Jesse C. Wiley, Judge.*

Mr. Wilbur F. Denious, Mr. Hudson Moore, for plaintiff in error.

Mr. W. W. Platt, for defendant in error.

*En banc.*

Mr. Justice Denison delivered the opinion of the court.

CRANDELL brought suit against Fern to cancel a lease given by Fern to one Smith and assigned to plaintiff, and to recover $500 paid thereon, on the ground of failure of title. The findings were general for the plaintiff who had judgment for the $500, but the lease was not expressly cancelled. Fern brings error.

The recovery of the $500 should be affirmed and probably that in effect cancels the lease, but we think it should have been expressly cancelled.

Assuming, as we must, that all material matters in dispute, which were few and unimportant, were found for the plaintiff, the facts are as follows: December 31, 1919, Fern gave one Smith an option for a lease, although he had previously given a like option for lease covering the same land and time to one Kirkpatrick. Smith assigned to Crandell. April 1, 1920, Crandell paid Fern the $500 required by the option. The lease was already in his hands. He admits that as early as July, 1920, he knew of the outstanding option to Kirkpatrick. Nevertheless after that, as late as September, 1920, he insisted that Fern perfect the title. In December, 1920, Fern obtained a surrender of the Kirkpatrick option, but the latter had assigned a portion to one Withrow. No release was obtained from Withrow until December, 1921, and Crandell did not know of the Withrow release until he began this suit.

Having discovered the existence of the Kirkpatrick lease, Crandell had a right to rescind or to stand on his contract and sue for damages or insist upon the removal of the defect in the title. He chose the last. If that defect was not removed within a reasonable time he still might rescind. *Heaton v. Nelson,* 69 Colo. 320, 194 Pac. 614. The court by its general finding has found that the time within which it was removed, which was some fifteen months after last demand, was not reasonable, and we think the finding is right and a rescission was therefore proper and the cancellation consequently inevitable. The recovery of the money paid necessarily

followed (*Heaton v. Nelson, supra*), but the lease under which Crandell claimed had been recorded in Lincoln County, Oklahoma, where the land lay, and the decree should have cancelled the lease to clear the record.

The argument of the plaintiff in error assumed that this action is based on deceit. He is not without excuse for that assumption because the complaint contains immaterial and unnecessary matter which tends to show that the action is such. If it were for deceit and to cancel the lease on that ground, the argument that the payment by Crandell of $500 after he had notice of the existence of the lease to Kirkpatrick was a waiver of the deceit and that his failure to rescind promptly upon knowledge of the defective title was a like waiver, would have been conclusive in Fern's favor, but it has no bearing on the case made by the pleading and evidence. We are aware of the decision in *Brown v. Gordon-Tiger Co.*, 44 Colo. 311, 323, 97 Pac. 1042, and perhaps that case cannot be distinguished, if so it is to that extent overruled. By electing to go on with his contract and demanding correction of the title after notice of failure of title, a purchaser does not thereby elect to take and pay for a nullity or a questionable title and so release the vendor from his obligation to furnish a good title. He is to be regarded as electing to go on with his part and still demanding full performance on the part of the vendor. These considerations make it unnecessary to notice the cross-complaint.

The question of bona fide purchaser without notice is discussed but the question is not in the case; it might be if the dispute were between Kirkpatrick and Crandell. The question of estoppel is discussed but the question is not in the case. It might be, if, after the demand by Crandell to perfect his title, Fern had perfected it within a reasonable time. Then perhaps Crandell would be estopped to rescind.

The court was right in refusing the jury; cases of this sort are regarded as equitable.

It is claimed that the assignment to Withrow should be disregarded because it was void for want of acknowledgment under the statute of Oklahoma, but the statute of Oklahoma was not pleaded.

It is elementary that a statute of another state, if essential to the action or defense, must be pleaded. It is regarded as fact, not law. 1 Chit. Pl. 216; 36 Cyc. 1240; *Holmes v. Broughton,* 10 Wend. (N. Y.) 75, 25 Am. Dec. 536. The statute of Oklahoma is essential to the defense that the Withrow assignment was void; it was not pleaded and so cannot be considered. It is true that since Crandell wanted the lease cancelled the burden was on him to show that the title was bad. When, however, he showed a prior lease or option unreleased by an assignee of a part, he had shown the title to be bad because the presumption is that the law of Oklahoma is the same as the common law of Colorado. (Wig. Ev. § 2536; *Wells v. Shuster, etc., Bank,* 23 Colo. 534, 536, 48 Pac. 809; *Polk v. Butterfield,* 9 Colo. 325, 327, 12 Pac. 216; *Wolf v. Burke,* 18 Colo. 264, 32 Pac. 427, 19 L. R. A. 792; *Atchison, etc., R. R. Co. v. Betts,* 10 Colo. 431, 437, 15 Pac. 821), and by the common law of Colorado an unacknowledged contract is good; hence, if Fern claims that the title was good because the assignment was void under the statute of Oklahoma he must plead and prove such statute.

It is said that the whole trouble came from the overreaching unfairness of Smith, Crandell's agent, in persuading Fern to give the second lease. That may be true, but Fern waived all that by his conduct, related above, showing his election to carry out the contract with Crandell, after full knowledge and time for reflection. Smith's action is therefore irrelevant.

The judgment is modified so as to enter a decree for cancellation of the lease from Fern to Smith and so modified is affirmed.

Mr. Chief Justice Allen and Mr. Justice Campbell dissent.

Mr. Justice Adams and Mr. Justice Sheafor not participating.