25CA0760 Bachman v Tesla 01-29-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0760
Pueblo County District Court No. 24CV44
Honorable Tayler Thomas, Judge

Jason Bachman,

Plaintiff-Appellant,

v.

Tesla, Inc.,

Defendant-Appellee.

APPEAL DISMISSED IN PART, JUDGMENT REVERSED,
AND CASE REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Moultrie and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 29, 2026

Jason Bachman, Pro Se

Sidran Law Corp, David R. Sidran, Matthew K. Sidran, Denver, Colorado, for
Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Plaintiff, Jason Bachman, appeals the district court's summary judgment in favor of defendant, Tesla, Inc. He contends that the court misapplied the law when it granted summary judgment on two of his claims. He also challenges an order denying an entry of default and denying a motion to strike Tesla's answer to the amended complaint. Because we agree that the court erred by granting summary judgment on Bachman's breach of contract and revocation of acceptance claims, we reverse and remand for further proceedings on those claims. And because we reverse judgment on those claims, there is no final judgment in the case and we therefore dismiss the remaining portions of the appeal.

## I.    Background

¶ 2    The basic facts are set forth in the amended complaint and summary judgment briefing and appear to be mostly undisputed. On June 5, 2024, Bachman purchased a used car from Tesla for $34,709.50. He did not receive the certificate of title at purchase but expected it within thirty days.

¶ 3    Two months later — and after the car's temporary registration expired, Bachman still had not received the title. On August 10, Bachman sent a letter notifying Tesla that he had not received the

1

title and demanded a response within ten days "indicating the steps [Tesla] will take to resolve this issue."[1]  Ten days later, having received no title, Bachman notified Tesla in writing that he "revoke[d] acceptance" of the car under the Colorado Uniform Commercial Code, section 4-2-608, C.R.S. 2025, because the "title was never properly delivered" within thirty days, leaving him "unable to legally register or use" the car.  Bachman returned the car to the dealership and requested a refund of the purchase price.  Tesla refused to accept the revocation and instructed Bachman to remove the car from the dealership.

¶ 4     On September 5, ninety-two days after purchasing the car and sixteen days after his notice of revocation of acceptance, Bachman received the title.

¶ 5     Bachman then filed suit against Tesla, alleging claims for violation of the Colorado Consumer Protection Act, violation of the Magnuson-Moss Warranty Act, revocation of acceptance under

---

[1] The letter asks Tesla to provide the title "within [three] business days" and also asks for a response "within [ten] business days." This inconsistency, however, doesn't impact our analysis.

section 4-2-608, breach of contract, fraud, and breach of warranty of title.

¶ 6 Bachman filed a motion for partial summary judgment on his breach of contract and revocation of acceptance claims. Tesla filed a cross-motion seeking summary judgment on all six claims. The district court denied Bachman's motion and entered summary judgment in favor of Tesla on all of Bachman's claims.

## II. Discussion

¶ 7 Bachman contends that the court erred by granting summary judgment in favor of Tesla on his breach of contract and revocation of acceptance claims.[2] He argues, among other things, that the court misapplied the law when it granted judgment against him on those claims. We agree.

## A. Standard of Review

¶ 8 We review de novo a district court's decision to grant summary judgment. *People ex rel. Rein v. Meagher*, 2020 CO 56, ¶ 19. Because we apply the same standard as the district court in our review, we must "determine whether a genuine issue of material fact

---

[2] Bachman doesn't appeal the district court's order granting summary judgment in favor of Tesla on the remaining four claims.

existed and whether the district court correctly applied the law." *City of Fort Collins v. Colo. Oil & Gas Ass'n*, 2016 CO 28, ¶ 9. Summary judgment is a drastic remedy that should be granted only when it is clear that the applicable standards have been met. *Rein,* ¶ 21; *see* C.R.C.P. 56(c).

### B. Breach of Contract Claim

¶ 9 Tesla moved for summary judgment on Bachman's breach of contract claim, arguing that the late delivery of title did not breach the contract because "nothing in the contract . . . [stated] that Tesla would deliver title within thirty days."

¶ 10 Bachman responded that Tesla had a statutory duty to "deliver or facilitate the delivery" of title within thirty days of the sale under section 42-6-112(1), C.R.S. 2025. And he argued this statutory obligation was incorporated into the parties' contract. Because Tesla did not deliver title within thirty days, Bachman argued that Tesla breached the contract.[3]

¶ 11 The court agreed that Tesla's failure to "deliver or facilitate the delivery of the certificate of title within [thirty] days may violate . . .

---

[3] Bachman presented similar arguments in his motion for partial summary judgment on his breach of contract claim.

[section] 42-6-112," but it concluded that any such failure was "not a breach of the contract" because the contract "did not set forth a specific time" for delivery of the title.

¶ 12    But a "[s]tatutory law which pertains to the terms of a contract is considered part of that contract." *Bd. of Governors of Colo. State Univ. v. Alderman*, 2025 CO 9, ¶ 13 (alteration in original) (quoting *Keelan v. Van Waters & Rogers, Inc.*, 820 P.2d 1145, 1148 (Colo. App. 1991)); *see also McShane v. Stirling Ranch Prop. Owners Ass'n*, 2017 CO 38, ¶ 17 ("[C]ontractual language must be interpreted in light of existing law, the provisions of which are regarded as implied terms of the contract, regardless of whether the agreement refers to the governing law." (quoting *Shaw v. Sargent Sch. Dist. No. RE-33-J*, 21 P.3d 446, 450 (Colo. App. 2001))).

¶ 13    Section 42-6-112(1), which establishes a dealer's obligation with respect to the delivery of title, "pertains" to the parties' contract. Thus, the statutory obligation to deliver or facilitate delivery of title within thirty days is "considered part of that contract." *Alderman*, ¶ 13 (quoting *Keelan*, 820 P.2d at 1148); *see also Arnove v. First Fed. Sav. & Loan Ass'n of Tarpon Springs*, 713 P.2d 1329, 1330 (Colo. App. 1985) (construing redemption statutes

5

as part of contract). Because the district court concluded, at least implicitly, that the statutory requirement regarding the delivery of title was not part of the parties' contract, we conclude the court misapplied the law when it granted summary judgment in Tesla's favor on Bachman's breach of contract claim.

¶ 14 Even so — and without addressing or acknowledging section 42-6-112 — Tesla maintains summary judgment on the breach of contract claim was proper because it says that the district court correctly found that Bachman "never set forth any facts" that he "suffered any damages." But there are a few problems with this argument.

¶ 15 First, the record shows that Bachman alleged damages from Tesla's failure to deliver title within thirty days and submitted an affidavit and documentation in support of his claimed damages. The court seemingly overlooked this supporting documentation. Second, and more critically, "[p]roof of actual damages is not an essential element of a breach of contract claim." *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 818 (Colo. App. 2003). Rather, "[n]ominal damages are recoverable even if no actual damages resulted or can be proven." *City & County of*

*Denver v. Bd. of Cnty. Comm'rs*, 2024 CO 5, ¶ 58; *accord Interbank Invs.*, ¶ 12.

¶ 16    For these reasons, we must reverse the court's summary judgment in favor of Tesla on Bachman's breach of contract claim. *See Educ. ReEnvisioned BOCES v. Colo. Springs Sch. Dist. 11*, 2022 COA 128M, ¶ 17 (reversing summary judgment because "order was based on a misapplication of the law"), *aff'd*, 2024 CO 29.[4]

### C.    Revocation of Acceptance

¶ 17    A buyer may revoke his acceptance of nonconforming goods when the nonconformity substantially impairs the value of the goods to the buyer.  § 4-2-608(1); *see Cissell Mfg. Co. v. Park*, 36 P.3d 85, 89 (Colo. App. 2001).  Revocation must occur within a reasonable time after the buyer discovers the nonconformity and is not effective until he notifies the seller.  § 4-2-608(1)-(2).  But a buyer is not required to give a seller unlimited opportunities to cure the nonconformity before revoking his acceptance.  *Jackson v. Rocky Mountain Datsun, Inc.*, 693 P.2d 391, 395 (Colo. App. 1984). And once a buyer revokes, he has the same rights and duties

---

[4] We, of course, express no opinion on whether Tesla breached any material obligation under the contract.

regarding the goods as if he had rejected them, including canceling the contract. *See* § 4-2-608(3); § 4-2-711(1), C.R.S. 2025; *see also Heaton v. Nelson*, 194 P. 614, 614 (Colo. 1920) ("If the vendor cannot furnish, or refuses to furnish, a good title when due, or in a reasonable time, the vendee may rescind . . . and recover what has been paid.").

¶ 18    Before he revoked his acceptance, Bachman notified Tesla of the nonconformity — a missing title — and gave it a period to cure the nonconformity. When that period passed, Bachman revoked his acceptance, returned the car to Tesla, and requested a refund of the purchase price. *See Heaton*, 194 P. at 614. Some weeks after his revocation of acceptance, Bachman received the title.

¶ 19    As we understand it, the district court concluded that since Bachman received the title a couple of weeks *after* he revoked his acceptance, the "delay of title" did not rise "to the level of a nonconformity justifying revocation." Thus, it entered summary judgment in favor of Tesla on the revocation of acceptance claim.

¶ 20    But that ruling is not consistent with the plain language of section 4-2-608, which states that a revocation occurs when the buyer notifies the seller of the nonconformity. § 4-2-608(1)-(2).

While the parties may dispute whether a nonconformity substantially impaired the value of the good to the buyer or whether the buyer notified the seller within a reasonable time after discovering the nonconformity, that doesn't change *when* the revocation occurred. *See id.* Thus, to the extent the court added a post-revocation cure period into the revocation of acceptance statute, it erred. *See UMB Bank, N.A. v. Landmark Towers Ass'n,* 2017 CO 107, ¶ 22 (noting that courts do not add words to statutes).[5]

¶ 21  Because the district court misapplied the law, we must reverse summary judgment on the revocation of acceptance claim.[6]

---

[5] Tesla offers no argument about the revocation of acceptance statute.

[6] We again express no opinion as to whether Bachman provided reasonable notice of revocation of acceptance or whether a missing title at the time of revocation substantially impaired the value of the car. *See Stroh v. Am. Recreation & Mobile Home Corp.,* 530 P.2d 989, 992 (Colo. App. 1975) (describing the reasonable time inquiry as "a question of fact"); *see also Mauk v. Pioneer Ford Mercury,* 709 S.E.2d 353, 356-58 (Ga. Ct. App. 2011) (reversing summary judgment because "questions of fact exist[ed] about whether [the buyer's] revocation was timely" and "whether the alleged defects substantially impaired the car's value to her"); *Clay v. Harris,* 592 N.E.2d 1154, 1159 (Ill. App. Ct. 1992) (holding that a buyer could rescind the purchase of a car where the seller failed to provide the certificate of title within a reasonable time after purchase).

9

## D.    Remaining Contentions

¶ 22    Bachman also asks us to review an order that denied his motion to enter default and his motion to strike Tesla's answer to the amended complaint.

¶ 23    With limited exceptions not presented here, this court has jurisdiction over final judgments only — that is, judgments that end an action, leaving nothing further for the district court to do to completely determine the parties' rights.  *Wilson v. Kennedy*, 2020 COA 122, ¶¶ 5-7; *see also* C.A.R. 1(a)(1) (appellate jurisdiction is limited to review of final judgments).

¶ 24    Because we reverse the judgment based on two of Bachman's claims and remand the case to the district court for further proceedings, there is not a final judgment in the case.  *See Wolf v. Brenneman*, 2024 CO 31, ¶ 10 ("A judgment is typically not 'final' until the court has ruled on all outstanding claims.").  We therefore do not have jurisdiction to consider the nonfinal order that Bachman asks us to review.  *See Scott v. Scott*, 2018 COA 25, ¶ 11 ("A final judgment is a jurisdictional prerequisite to review on appeal.").

## E. Appellate Attorney Fees and Costs

¶ 25    Considering our disposition, we disagree with Tesla that Bachman's appeal is "patently frivolous." We therefore deny its request for an award of attorney fees and costs.

¶ 26    Given the tone and tenor of Tesla's fee request, we are compelled to add one thing further. Vigorous and thoughtful disagreement about the law and facts is expected. Zealous and spirited advocacy is expected. Personal and gratuitous attacks on a self-represented party — like those advanced by Tesla's counsel — are not.[7] Nastiness in legal briefs isn't persuasive, effective, or helpful. Quite the opposite. While we will assume that the briefing in this case is not representative of counsel's practice, we suggest counsel reacquaint themselves with the rules of professional conduct and the oath they took when they were admitted to the bar.

---

[7] Many litigants are unable to afford legal representation. *See* Colo. Jud. Branch, *Cases and Parties without Attorney Representation in Civil Cases* 5 (2025), https://perma.cc/8WWN-S36V. Self-representation is not only common but steadily increasing. *See* Colo. Jud. Branch, *Cases and Parties without Attorney Representation in Civil Cases* 5 (2024), https://perma.cc/W5TE-UUF2. To say a self-represented litigant has a fool for a client, as Tesla's counsel claims, needlessly denigrates thousands of litigants in the judicial system.

11

*See PFW, Inc. v. Residences at Little Nell Dev., LLC*, 2012 COA 137,

¶ 45 ("Our Rules of Professional Conduct prohibit discourteous and

uncivil behavior toward any person involved in the legal

system . . . ."); *accord* Colo. RPC, Preamble, ¶ 9; *see also* Off. of Att'y

Regul. Counsel, Colo. Sup. Ct., Attorney Oath of Admission,

https://perma.cc/7KUH-4ATP (swearing to "treat all persons whom

I encounter through my practice of law with fairness, courtesy,

respect and honesty").

### III.   Disposition

¶ 27     We reverse the district court's summary judgment as to

Bachman's breach of contract and revocation of acceptance claims

and remand the case to the district court for further proceedings

consistent with this opinion.  We dismiss the remaining portion of

the appeal.

JUDGE MOULTRIE and JUDGE TAUBMAN concur.